[Crim. No. 4971. Second Dist., Div. One. July 6, 1953.]

THE PEOPLE, Appellant, v. ELSIE ALZINA BAXTER, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, H. C. Grundell, District Attorney (San Luis Obispo), and K. T. Hoegstedt, Assistant District Attorney, for Appellant.

George Finucane for Respondent.

WHITE, P. J.—On May 29, 1952, defendant Elsie Alzina Baxter was cited for a violation of section 274(b) of the Vehicle Code of the State of California, a misdemeanor, by a traffic officer of the California Highway Patrol. On June 3, 1952, the defendant pleaded guilty to a violation of the foregoing section of the Vehicle Code in the Justice Court of Arroyo Grande-Pismo Beach Judicial District, and thereafter paid a fine in the sum of $15 as a penalty for such violation.

Subsequently, a complaint was filed against the defendant for a violation of section 332 of the Vehicle Code, a misdemeanor. After preliminary examination in the justice court, defendant was held to answer to the superior court. On November 15, 1952, an information was filed and the defendant upon being arraigned, entered two pleas: first, the defendant pleaded not guilty, and secondly, not guilty by reason of former jeopardy.

It was stipulated that the act of driving the motor vehicle which was the basis for the citation under section 274(b) of the Vehicle Code, was the same act of driving the motor vehicle upon which the charge of violating section 332 of the same code was based.

Defendant's plea of once in jeopardy was predicated upon the conceded fact that on June 3, 1952, she pleaded guilty in the Justice Court of the Arroyo Grande-Pismo Beach District for a violation of section 274(b) of the Vehicle Code, and on June 10th paid a fine as aforesaid.

Section 274(b) of the Vehicle Code, to a violation of which defendant pleaded guilty, provides:

"The licensee shall have such license in his immediate possession at all times when driving a motor vehicle upon a highway and when so driving shall display the same upon demand of a member of the California Highway Patrol or any peace or traffic officer enforcing the provisions of this Code."

Section 332 of the Vehicle Code, upon which the information was filed in the superior court, reads:

"Any person who drives a motor vehicle upon a highway at any time when his operator's or chauffeur's license or driv-

ing privilege is suspended or revoked, or when a license or permit to drive has been refused and no license has been issued to him under the provisions of this code, and the person so driving has knowledge of either such fact, is guilty of a misdemeanor and upon conviction thereof shall be punished by imprisonment in the county jail for not more than one year, or by fine of not more than one thousand dollars ($1,000.00) or both.''

Because of the issue presented upon this appeal it becomes necessary to set forth the proceedings as they occurred in the court below.

After entry of the foregoing pleas, the cause was continued to December 1, 1952, ''for setting.'' On the last-mentioned date the matter was again continued to December 8, 1952.

It appears that between December 1st and 8th briefs were filed by the respective parties, and on the last-named date, when the cause was called, the court entered the following order: ''Oral and documentary evidence is introduced, matter submitted and the information is ordered dismissed pursuant to the defendant's plea of once in jeopardy.''

On December 15, 1952, the People, through the District Attorney of San Luis Obispo County, filed written notice of appeal, ''from the order of the said Superior Court setting aside the information in the above-entitled cause and entered the 8th day of December, 1952.''

■ Respondent moves that the appeal be dismissed for the reason that an order made by the trial court dismissing an information on its own motion, in the interests of justice, is not an appealable order.

Section 1238 of the Penal Code authorizes an appeal by the People only,

''1. From an order setting aside the indictment, information, or complaint;

''2. From a judgment for the defendant on a demurrer to the indictment, accusation or information;

''3. From an order granting a new trial;

''4. From an order arresting judgment;

''5. From an order made after judgment, affecting the substantial rights of the people.''

From the present state of the record in the case at bar, it is at once apparent that the only theory upon which the People can predicate an appeal to this court is that the trial court made an order ''setting aside the . . . information.''

The authority for such action by the trial court is found in section 995 of the Penal Code, which provides in part as

follows: ''The indictment or information must be set aside by the court in which the defendant is arraigned, *upon his motion,* in either of the following cases:

''.        .        .        .        .        .        .        .        .        .        .

''If it be an information:

''1. That before the filing thereof the defendant had not been legally committed by a magistrate.

''2. That the defendant had been committed without reasonable or probable cause.'' (Emphasis added.)

From the record herein it is at once manifest that respondent made no motion to set aside the information. Indeed she was in no position to make such a motion since she had already entered pleas to the charge contained therein.

In terminating the action the court stated, ''I am simply holding, and I hold now that, having so elected, a further prosecution on the violation of section 332 is, in the interests of justice, untenable and a violation of the defendant's constitutional rights, and is an oppressive prosecution, and the motion will be granted.'' But no motion was made.

Therefore, it appears to us that the only conclusion to be arrived at is that the court was proceeding under section 1385 of the Penal Code, which provides:

''The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes.''

While the minute order entered on December 8th, as it appears in the clerk's transcript, contains the statement that, ''Oral and documentary evidence is introduced, matter submitted, and the information is ordered dismissed pursuant to the defendant's plea of once in jeopardy,'' it is conceded, and indeed, the record reveals that no witnesses were sworn and no documentary evidence was in fact presented.

According to his own statement, the trial judge, apparently acting in accordance with section 1385 of the Penal Code, ordered the action dismissed ''in the interests of justice'' and did set forth in an order entered upon the minutes, the reason for such dismissal.

Concluding as we have, that the order was made under the power granted by section 1385 of the Penal Code, the order in question is in its nature and character one from which the People cannot appeal. Certainly it is not one of the enumerated cases in which a right of appeal is given by section 1238

of the Penal Code, and there is no other statutory provision giving such right. (*People* v. *More*, 71 Cal. 546, 547 [12 P. 631]; *People* v. *Romero*, 13 Cal.App.2d 667, 670 [57 P.2d 557]; *People* v. *Morris*, 115 Cal.App.2d 585, 587 [252 P.2d 681].)

It is urged by appellant that the offense herein charged was a misdemeanor; that the action of the trial court terminated any further prosecution of the case (Pen. Code, § 1387); that in misdemeanor cases, generally, where a dismissal by the trial court operates to prevent further prosecution of the matter the right of appeal is preserved to the People by section 1466 of the Penal Code, which provides as follows:

"An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases:

"1. By the people;

"(a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy; . . ."

Appellant urges that it is undoubtedly the intent of the Legislature to permit an appeal by the People in those cases where jeopardy has not attached and the action of the trial court prevents further prosecution of the action by the People.

However, the answer to this contention is that such right of appeal by the People is explicitly authorized only in those misdemeanor cases of which a court inferior to the superior court has jurisdiction. It must be assumed that in adopting section 1385 of the Penal Code the Legislature had in mind so-called high-grade misdemeanors, of which the superior court alone had jurisdiction because, in section 1387 it is provided that an order for the dismissal of a misdemeanor in the superior court is a bar to any other prosecution for the same offense unless such order is explicitly made for the purpose of amending the complaint in such action. Had the lawmakers intended to permit an appeal by the People in such cases, they could readily have so provided. That they did not, strengthens the assumption that it was not the legislative intent to permit the People to appeal from an order of dismissal of a misdemeanor case made in the superior court, as the People are permitted to do from a like order or judgment made or entered in the inferior courts prior to the time jeopardy has attached.

Since the appeal must be dismissed, and the action of the trial court herein terminates any further prosecution of the case, no purpose would be served by a discussion or consideration of the question of whether successive prosecutions under Vehicle Code sections 274(b) and 332 amount to double jeopardy.

The appeal is dismissed.

Doran, J., and Scott (Robert H.), J. pro tem., concurred.