[Crim. No. 3178.   Third Dist.   Oct. 23, 1961.]

THE PEOPLE, Appellant, v. NORMAN EHRHART et al., Respondents.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, John F. Foran, Deputy Attorney General, and Earl F. Hedlund, District Attorney, for Appellant.

Norman Ehrhart, in pro. per., Bruce A. Werlhof and Robert L. Barbour for Respondents.

WARNE, J. pro tem.*—On June 8, 1960, a complaint was filed in the Justice Court for the Red Bluff Judicial District in the county of Tehama, charging respondents Ehrhart and McWilliams and one Philbrook with a violation of section 702 of the Welfare and Institutions Code (contributing to the delinquency of a minor), a misdemeanor.

A warrant was issued and the respondents and Philbrook were arrested. They furnished bail and were released. When they appeared before the justice court, Philbrook pleaded guilty to the offense charged and was certified to the juvenile court for further proceedings. By stipulation the preliminary hearing of Ehrhart and McWilliams was continued to June 27, 1960. On June 16, 1960, the Grand Jury of Tehama County returned an indictment charging Ehrhart and McWilliams with the same misdemeanor which had been charged in the complaint issued out of the justice court. A bench warrant was issued. Respondents were again arrested and were again required to post bail in order to obtain their release.

After the return of the indictment, the complaint pending in the justice court against respondents was dismissed on motion of the district attorney ''on the grounds that the grand jury has indicted the defendants for the same offenses.''

Following the dismissal of the complaint in the justice court, and before entry of a plea, respondents herein moved to dismiss the indictment under section 1387 of the Penal Code, which provides that ''[a]n order for the dismissal of the action . . . is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony.'' The motion was granted and the People have appealed.

The respondents have moved that the appeal be dismissed on the ground that the People are attempting to appeal from a nonappealable order.

We have concluded that the order in question is of a character from which the People cannot appeal, even though the trial court may have erred in granting the motion.

Section 1238 of the Penal Code provides for an appeal by the People in the following cases only:

''1. From an order setting aside the indictment, information, or complaint;

*Assigned by Chairman of Judicial Council.

"2. From a judgment for the defendant on a demurrer to the indictment, accusation or information;

"3. From an order granting a new trial;

"4. From an order arresting judgment;

"5. From an order made after judgment, affecting the substantial rights of the people;

"6. From an order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed."

From the state of the record it is apparent that the only theory upon which the People could maintain an appeal in this court is that the trial court set aside the indictment. But such a theory could not be upheld because the only grounds for setting aside an indictment are as set forth in section 995 of the Penal Code:

"1. Where it is not found, endorsed, and presented as prescribed in this code.

"2. That the defendant has been indicted without reasonable or probable cause."

The dismissal in the instant case was because of the dismissal of the complaint previously filed in the justice court, charging the same misdemeanor.

■ In *People* v. *Baxter*, 119 Cal.App.2d 46, 50 [258 P.2d 1093], the court had this to say respecting dismissal under section 1385 of the Penal Code:

". . . It must be assumed that in adopting section 1385 of the Penal Code [dismissal of action] the Legislature had in mind so-called high-grade misdemeanors, of which the superior court alone had jurisdiction because, in section 1387 it is provided that an order for the dismissal of a misdemeanor in the superior court is a bar to any other prosecution for the same offense unless such order is explicitly made for the purpose of amending the complaint in such action. Had the lawmakers intended to permit an appeal by the People in such cases, they could readily have so provided. That they did not, strengthens the assumption that it was not the legislative intent to permit the People to appeal from an order of dismissal of a misdemeanor case made in the superior court, as the People are permitted to do from a like order or judgment made or entered in the inferior courts prior to the time jeopardy has attached."

■ Further, the order was designed solely to prevent the further prosecution of the action. The superior court had the power to dismiss the action, and the Legislature having

restricted the right of appeal by the People to certain specified cases of which this is not one, there can be no review of the action. (*People* v. *Knowles,* 27 Cal.App. 498, 506 [155 P. 137] ; see also *People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633], and the many cases cited therein in accord with the rule stated.) We therefore conclude that the rule of law as stated in the above-cited cases, particularly in *People* v. *Baxter, supra,* is applicable and controlling in the instant case.

The People cite and rely upon *People* v. *Ellis,* 204 Cal. 39 [266 P. 518], as supporting their right to appeal from the order made in the instant case. We have carefully read and considered the case but find nothing contrary to what we have hereinabove stated. That case is not in point.

The appeal is dismissed.

Peek, Acting P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1961.