[Crim. No. 297. Third Appellate District.—May 27, 1915.]

THE PEOPLE, Appellant, v. J. H. KNOWLES, Respondent.

CRIMINAL LAW—ORDER DISMISSING ACTION—NONAPPEALABLE ORDER.— An order granting a motion to dismiss a criminal action made by the defendant on the trial, after issue joined on the merits by plea of not guilty, and not based on any ground specified by statute as cause for setting aside an indictment, but designed solely to prevent the further prosecution of the action upon the ground that the grand jury which found the indictment did not comply with section 1324 of the Penal Code, is not an order dismissing the indictment from which an appeal may be taken, but is an order dismissing the action from which no appeal lies under the statutes of this state. (By supreme court on petition for rehearing.)

ID.—BRIBERY—INDICTMENT—TESTIMONY BEFORE GRAND JURY—IN-SUFFICIENT INFORMATION OF RIGHTS OF WITNESS—DISMISSAL OF ACTION.—Action for the crime of bribery must be dismissed, where the indictment charging the crime is based upon testimony given by the defendant before the grand jury in connection with the investigation by that body of the commission of the same crime by another person believed to have been implicated with the defendant therein, where such defendant before the giving of his testimony was not informed as required by section 1324 of the Penal Code that a statement voluntarily made could be used against him, or that if he failed to ask to be excused on the ground that his testimony might incriminate him it could be used against him, or that he was deemed excused unless the section was read to him. (By district court of appeal, not concurred in by supreme court.)

ID.—EVIDENCE—CONSTRUCTION OF CODE.—Under the provisions of section 1324 of the Penal Code (added in 1911), a witness can no longer refuse to testify in a criminal case though his testimony may incriminate himself, but if he demands that he be excused on that ground, he shall not be liable thereafter to prosecution; if, however, he testifies voluntarily, or if he fails to ask to be excused from testifying on the ground above stated, his testimony may be used against him, but he is deemed to have asked to be excused from testifying "under this section unless before any testimony is given . . . the judge, foreman, or other person presiding at such trial, hearing, proceeding or investigation, shall distinctly read this section of the code to such witness." (By district court of appeal, not concurred in by the supreme court.)

ID.—CONSTITUTIONAL LAW—PERSON AS WITNESS AGAINST SELF.—While the constitution (art. I, sec. 13) provides that no person shall "be compelled, in any criminal case, to be a witness against himself," when the statute gives the witness complete immunity from prosecution for the offense, with reference to which his testimony is given, he cannot refuse to answer. (By district court of appeal, not concurred in by supreme court.)

APPEAL from an order of the Superior Court of Tuolumne County dismissing an action. G. W. Nicol, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

J. B. Curtin, for Respondent.

CHIPMAN, P. J.—Defendant was indicted and brought to trial for the crime of bribery. After a jury had been empaneled and the cause was about to proceed, counsel for defendant moved the court to dismiss the action "upon the ground that the grand jury, finding the indictment did not comply with section 1324 of the Penal Code.

The Court: "I think the objection made by counsel is well taken. I can see no escape from the result. Further proceedings are quashed in the matter and the motion granted.

Mr. Hardin (district attorney): "I give notice under section 1240, that the people appeal from the order of the court.

Mr. Curtin: "The motion being granted, I now ask that the indictment be dismissed and the jury discharged.

The Court: "It is so ordered.

Mr. Hardin: "I want the appeal to apply to both of these; the order granting the motion and the order dismissing the indictment."

Before the indictment was found defendant was brought before the grand jury of Tuolumne County as a witness upon a subpoena. We quote from the bill of exceptions:

"Defendant now offers in evidence the records and proceedings before the grand jury at the time the indictment herein was found and returned against defendant, which record is as follows:

" 'J. H. Knowles called, sworn and examined, testified as follows: Mr. Hardin: Mr. Knowles, the grand jury, at this time is investigating a charge, or into a matter that occurred in Jamestown here a few months ago, which affects to a certain extent Mr. V. A. Solari, yourself and David Martinez, the investigation being of the alleged charge of offering to an officer a bribe and that officer receiving a bribe in connection with the granting to David Martinez of a liquor license. Now, then, of course, you being one of the parties mentioned in the investigation, why, the grand jury can't require or compel you to make any statement if you don't want to do it; but voluntarily you can make a statement, if you want to, but you can't be compelled to make a statement; but you can do so voluntarily; of course, any statement made can be used against you, if it is detrimental to you; now, in view of that, do you care to make any statement to the grand jury in reference to that matter? Mr. Knowles: I do.'

"For the purpose of shortening this transcript, it is admitted that Mr. Knowles, defendant herein, was, then and there, as a witness under oath, examined by the district attorney and by several of the grand jurors as to all the matters and facts alleged in the indictment, and that his testimony was material to the inquiry then pending, and in which testimony said defendant detailed all the conversations and interviews he ever had with the Martinez Bros. and Supervisor Solari, relative to the liquor license mentioned in the indictment herein."

It was conceded at the argument that the testimony given by the defendant did in fact incriminate himself as well as the others charged in the indictment and was the testimony on which, in part, the indictment was found.

A motion was made by respondent to dismiss the appeal on the ground that the order is not appealable. We incline to the belief that the point is not well taken, but from our view of the case it is not necessary to decide it, since, conceding that the order was appealable, we are constrained to hold that whatever it may in effect be it must be affirmed.

Section 1324 is a new section added to the Penal Code in 1911. (Stats. 1911, p. 485.) It reads as follows:

"A person hereafter offending against any of the provisions of this code, or against any law of this state, is a competent witness against any other person so offending, and may be compelled to attend and testify and produce any books, papers, contracts, agreements or documents upon any trial, hearing, proceeding or lawful investigation or judicial proceeding, in the same manner as any other person. If such person demands that he be excused from testifying or from producing such books, papers, contracts, agreements or documents on the ground that his testimony or that the production of such books, papers, contracts, agreements or documents may incriminate himself, he shall not be excused, but in that case the testimony so given and the books, papers, contracts, agreements and documents so produced shall not be used in any criminal prosecution or proceeding against the person so testifying, except for perjury in giving such testimony, and he shall not be liable thereafter to prosecution by indictment, information, or presentment, or to prosecution nor punishment for the offense with reference to which his testimony was given, or for or on account of any transaction, matter or thing concerning which he may have testified or produced evidence, documentary or otherwise.

"No such person shall be exempt from indictment, presentment by information, prosecution or punishment for the offense with reference to which he may have testified as aforesaid, or for or on account of any transaction, matter or thing concerning which he may have testified as aforesaid, or produced evdence, documentary or otherwise, where such person so testifying or so producing evidence, documentary or otherwise, does so voluntarily, or when such person so testifying or so producing evidence fails to ask to be excused from testifying or so producing evidence, on the ground that his testimony or such evidence, documentary or otherwise, may incriminate himself; but in all such cases, the testimony or evidence, docu-

mentary or otherwise, so given may be used in any criminal prosecution or proceeding against the person so testifying or producing such evidence, documentary or otherwise.

"Any person shall be deemed to have asked to be excused from testifying or producing evidence, documentary or otherwise, under this section, unless before any testimony is given or evidence, documentary or otherwise, is produced by such a witness, the judge, foreman or other person presiding at such trial, hearing, proceeding or investigation, shall distinctly read this section of this code to such witness, and the form of the objection by the witness shall be immaterial, if he in substance makes objection that his testimony or the production of such evidence, documentary or otherwise, may incriminate himself, and he shall not be obliged to object to each question, but one objection shall be sufficient to protect such witness from prosecution for any offense concerning which he may testify, or for or on account of any transaction, matter or thing concerning which he may testify, or produce evidence, documentary or otherwise, upon such trial, hearing, proceeding or investigation."

Appellant contends and by a rather ingenious course of reasoning endeavors to show that the "section was intended to apply to a person who is a witness 'against any other person,'" and not to one who is himself charged with the offense being inquired into. We do not feel inclined to pursue appellant's argument on the point, for we think it is quite obvious that the section was intended to apply to just such a witness as we have here who was believed to be implicated with others in the crime being investigated.

Appellant further contends that the notice given the witness by the district attorney was sufficient compliance with the statute; that his answer, after what the district attorney said to him, "had the effect of taking the case entirely away from the operation of section 1324 of the Penal Code"; that when the reason for the rule ceases, "the rule is no more applicable than if it had ceased to exist."

The true meaning and intent of this section may be expressed in much briefer form than as enacted.

The first paragraph declares that a person who is himself an offender may be compelled to be a witness and give testimony against another person for an offense of which both are guilty, and he shall not be excused from testifying on the

ground that his testimony might, even though he may demand to be excused, incriminate him, but in such case, except for perjury, his testimony shall not be used against him, nor shall he be liable thereafter to prosecution for the offense with reference to which his testimony was given.

The second paragraph declares that no such witness shall be exempt from prosecution or punishment for such offense where he testifies voluntarily, or fails to ask to be excused from testifying on the ground that his testimony may incriminate himself, but his testimony so given may be used against him.

The third paragraph then provides that such witness "shall be deemed to have asked to be excused from testifying . . . unless before any testimony is given . . . the judge, foreman or other person presiding at such trial, hearing, proceeding or investigation, shall distinctly read this section of this code to such witness, and the form of the objection by the witness shall be immaterial, if he in substance makes objection that his testimony . . . may incriminate himself, and he shall not be obliged to object to each question, but one objection shall be sufficient to protect such witness from prosecution for any offense concerning which he may testify."

To paraphrase the section still more briefly, a witness can no longer refuse to testify in a criminal case though his testimony may incriminate himself, but if he demands that he be excused on that ground he shall not be liable thereafter to prosecution. If, however, he testifies voluntarily, or if he fails to ask to be excused from testifying on the ground above stated, his testimony may be used against him. But he is deemed to have asked to be excused from testifying "under this section, unless before any testimony is given . . . the judge, foreman or other person presiding at such trial, hearing, proceeding or investigation, shall distinctly read this section of this code to such witness." And one objection to a question shall be sufficient to protect such witness from prosecution.

The constitution provides that no person shall "be compelled, in any criminal case, to be a witness against himself." (Art. I, sec. 13.)   When, however, the statute gives the witness complete immunity from prosecution for the offense with reference to which his testimony is given, he cannot refuse to answer. (*Ex parte Clarke,* 103 Cal. 352, [37 Pac. 230];

*Ex parte Cohen,* 104 Cal. 524, [43 Am. St. Rep. 127, 26 L. R. A. 423, [38 Pac. 364] ; *Counselman* v. *Hitchcock,* 142 U. S. 547, 35 L. Ed. 1110, 12 Sup. Ct. Rep. 195].)

In the present case the statute gives complete immunity and is not violative of the constitution.

When the legislature enacted this law, the protection given by the constitution to a witness called upon to testify with reference to matters which might incriminate himself was, presumably, in its mind and it was careful to provide with considerable particularity the proceeding by which a person may be compelled to testify against himself and under what circumstances he should enjoy complete immunity for thus serving the state and the cause of justice.

It is perhaps not wide of the mark to say that the legislation was inspired by the conditions existing prior to its enactment, where there was a miscarriage of justice because of the constitutional shield given the witness who might believe that his testimony would implicate himself. There was no power to compel him in such case to testify and no power to grant him immunity from prosecution if he did testify. In enacting this statute the legislature pointed out the precise mode to be followed which if not followed the witness was deemed to have asked to be excused from testifying and his testimony was not to be used against him in any proceeding. Whether the section should be read to the witness by one of the persons mentioned in the section to perform that office and not by any other person; whether it would satisfy the law if, for example, the district attorney should by direction of one of such mentioned persons read the section to the witness; or whether it would be sufficient if one of such persons, or the district attorney, should call attention to the section and state its provisions in substance, are questions we do not find it necessary to decide. We venture to suggest, however, that a very easy and simple thing to do is to read the section as it directs shall be done and thus avoid all question.

The view taken by the attorney-general would cast upon the appellate court what might be sometimes a difficult duty of determining in each case by construction of the language that may happen to be used whether in effect it substantially measured up to what the section required and gave the witness the information to which he was entitled. It must be admitted that the safer course would be to follow the direction given

and read the section to the witness. However this may be, it seems quite clear to our minds that the essential provisions of the statute must be stated to the witness and stated correctly. For certainly, a declaration that the witness is deemed excused unless the section—all of it—is distinctly read to him, can mean no less than that all of its substance must at least be told the witness.

Now, what are the facts? The defendant was brought before the grand jury by a subpoena as a witness and was sworn before anything was said to him. He did not appear voluntarily and had he testified without having claimed his constitutional privilege and had not been informed as to his rights his testimony could not have been used against him. (*People* v. *O'Bryan,* 165 Cal. 60, [130 Pac. 1042], and cases there cited.) The defendant was told what the offense was with which he and others were charged and about which the investigation was being made. He was then told the grand jury could not compel him to testify—a statement directly contrary to what the statute would have told him. He was told that he could voluntarily make a statement and again told that he could not be compelled to do so. He was not told the very important provision of the statute that a statement voluntarily made could be used against him. What he was told was—"Of course *any statement* made can be used against you if it is detrimental to you." Prior to the enactment of this section that might have been true. But in the broad sense as stated it is not now true. The district attorney probably meant to be understood as saying, but did not say it, that any statement made by him voluntarily could be used against him. He was not told that if he failed to ask to be excused on the ground that his testimony might incriminate him it could be used against him. Nor was he told that he was deemed excused unless the section was read to him. In fact, all the district attorney told him was what his rights were before this section was enacted, but it fell far short of explaining to him his rights under the new section of the Penal Code.

We do not think defendant was given that information which the statute intends should be given a witness called under the circumstances which surrounded the defendant at the time he was called as a witness.

The order is affirmed.

Burnett, J., and Hart, J., concurred.

. A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 26, 1915, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the third appellate district is denied.

In denying the application we deem it proper to say that we do not express or intimate any opinion as to the correctness of the views expressed by the district court of appeal as to the effect of section 1324 of the Penal Code, under the circumstances of this case as the same are shown by the opinion.

It is apparent to us that the appeal should have been dismissed on the ground that the order appealed from was not an appealable order. The cases in which an appeal may be taken by the people are specifically set forth in section 1238 of the Penal Code, and it is well settled that such an appeal will not lie except in a case so specified. The order here appealed from was both in form and in substance and effect one dismissing the action against this defendant. The only subdivision of section 1238 of the Penal Code, that could by any possibility be suggested as including the order before us is subdivision 1, which provides that an appeal may be taken by the people "from an order setting aside the indictment or information." As we have said, the order under consideration here was one granting a motion to dismiss the action. The motion therefor was made on the trial, after . issue joined on the merits by plea of not guilty,and was not based on any ground specified in our law as cause for setting aside an indictment, but was designed solely to prevent the further prosecution of the action for the reason stated in the opinion of the district court of appeal. The order here made was based solely on the ground specified in the motion. The appeal here cannot be held to be an appeal from an order setting aside an indictment within the meaning of subdivision 1 of section 1238 of the Penal Code. The superior court had the *power* to dismiss the action, and the legislature having restricted the right of appeal by the people to certain specified cases of which this is not one, there can be no review of its action. The case is like many others under our law, one in which the superior court is the ultimate tribunal as

long as it does not exceed its jurisdiction, and where error *in the exercise of its jurisdiction* may not be reviewed by any other tribunal.

As the practical effect of a dismissal of the appeal is the same as the affirmance of the order appealed from, and as any expression of views as to the statute discussed in the opinion as applied to the circumstances of this case would be *obiter* no reason appears why the application for a hearing in this court should be granted.