SHAW, J.
In this case the trial court, on August 20, 1931, made orders entered in its docket as follows: “Dismissed on showing of illegal entry, bail exonerated, liquor ordered returned to owner, 10 days’ stay on return of the liquor.” The People have given notice of appeal from “the order herein made and entered in said Police Court on the 20th day of August, 1931, dismissing the said action, and from the order herein made and entered in said Police Court on the said 20th day of August, 1931, ordering and directing the Chief of Police of the City of Burbank to deliver the liquor or homebrew introduced as evidence herein to the defendant herein”. The question at once arises whether the orders mentioned are appealable orders, and we have come to the conclusion that they are not.
Section 1466 of the Penal Code provides: “Either party may appeal to the superior court of the county from a judgment of a municipal court or from a judgment of a justice’s or police court, in like eases and for like causes as appeals may be taken in the Supreme Court or to a Court of Appeal.”
The order dismissing the action was a final termination thereof and hence within the category of judgments. (People v. Yates, 114 Cal. App. (Supp.) 782 [1 Cal. Supp. 131, 298 Pac. 961]; State v. McKenna, 24 Utah, 317 [67 Pac. 815]; State v. Booth, 21 Utah, 88 [59 Pac. 553].) But the *Supp. 769 statement on appeal here shows that the order or judgment of dismissal was made after the case had gone to trial before the court, a jury having been waived, and evidence had been received against the defendant. The defendant had, therefore, been placed in jeopardy for the offense charged against him. (In re Harron, 191 Cal. 457, 466 [217 Pac. 728].) The order was in effect an acquittal of the charge, or at least the defendant could not again be tried upon the charge by reason of our constitutional provision against double jeopardy for the same offense. (Const., art. I, sec. 13.) Statutory provisions for appeals by the People will not be construed to extend to such cases. (17 Cor. Jur. 44-46; see, also, People v. Ellis, 204 Cal. 39, 41 [266 Pac. 518].) The scope of the word “judgment” as used in section 1466 is unquestionably affected and limited by the words “in like cases and for like causes as appeals may be taken in the Supreme Court or to a Court of Appeal”. This clause refers to sections 1237 and 1238 of the Penal Code, but we need to consider here only section 1238 which provides in what cases the People may appeal. In it we find no provision for an appeal from a judgment such as this; that is, one rendered in favor of the defendant after the trial has been commenced. In fact, it has been held' under that section that there is no appeal from an order dismissing the action after the trial has been entered upon. (People v. Knowles, 27 Cal. App. 498, 506 [155 Pac. 137].) That case is somewhat similar to this, for there also the trial court had acted upon the ground that the prosecuting authorities had violated the rights of the defendant before the prosecution commenced, the particular violation being that he was compelled to incriminate himself. It was held that a dismissal for such reasons did not come within any of the provisions of section 1238. A like ruling has been made regarding an appeal from an order dismissing the action under section 1382 for want of prosecution. (People v. Hollis, 65 Cal. 78 [2 Pac. 893].)
If the appeal were properly before us, we would unquestionably be required to reverse the judgment, for the trial court undertook to overrule the decision of the Supreme Court in People v. Mayen, 188 Cal. 237 [24 A. L. R. 1383, 205 Pac. 435], as to the admissibility of evidence illegally obtained, a feat which is not in the competency of the *Supp. 770 police court or this court; but this is one of the cases where the action of the trial court, no matter how erroneous, is final.
The order directing the return of the liquor to the defendant is a part of the same docket entry as the dismissal. If this constituted one indivisible judgment, none of it is appealable for the reasons already given. But we think that, although briefly expressed, four different orders appear here and the appealability of each must be separately considered. The order for the return of the liquor is not a judgment in the technical sense. But we have previously held that the word “judgment”, instead of being used in its technical sense in section 1466, means “the final order of the court; decision”, and by reason of its context includes certain orders. (People v. Yates, supra.) As already stated, it is limited by section 1238, the only provision of which pertinent here is that authorizing an appeal “from an order made after judgment, affecting the substantial rights of the People”. This order was made after judgment, for it follows the judgment in the docket, but does it affect the substantial rights of the People in this prosecution? In order to do so it must in some way affect the judgment or its enforcement or hamper the further prosecution of the particular proceeding in which it is made. (See People v. Maggio, 96 Cal. App. 409 [274 Pac. 611]; Ward v. Dunne, 136 Cal. 19, 21 [68 Pac. 105].) The order complained of here is not of that character. As stated in People v. Mayen, supra, at pages 251, 252, a proceeding by the owner to recover possession of property unlawfully seized is independent of the criminal proceeding in which it is sought to use such property as evidence, his motion for its return is not properly a part of the trial of that criminal proceeding, and the ruling thereon is not reviewable upon an appeal from the judgment in such proceeding. If this be so, we cannot see how a ruling made after judgment on such a motion can affect the substantial rights of the People in the criminal action, or be regarded as an order made in the course of such action.
The appeals are dismissed.
Craig, J., pro tem., concurred.