[Crim. No. 2399. Third Dist. Jan. 28, 1953.]

THE PEOPLE, Appellant, v. ISIAH MORRIS, Respondent.

Edmund G. Brown, Attorney General, Doris H. Maier, Deputy Attorney General, and Leo V. McInnis for Appellant.

Joseph J. Lebeda, Public Defender, for Respondent.

THE COURT.—This is a motion by defendant and respondent to dismiss appellant's appeal from the order setting aside the information in the above-entitled action.

The record shows that the district attorney, on July 18, 1952, filed an information in the Superior Court of the State of California, in and for the County of Merced, charging defendant with a violation of section 4532 of the Penal Code of the State of California, as follows: "The said Isiah Morris, on or about the 18th day of October, 1951, at and in the said

County of Merced, and State of California, and prior to the filing of this information, did wilfully and unlawfully, while a prisoner convicted of a misdemeanor and confined in the Rehabilitation Center of Merced County (Industrial Farm), escape from such Rehabilitation Center (Industrial Farm).''

On July 21, 1952, the defendant was arraigned and entered a plea of not guilty. He requested a jury trial. On August 13, 1952, a trial by jury was started, defendant being represented by the Public Defender, Joseph J. Lebeda. Evidence was adduced and during the course of the prosecution's case the court ordered that the information against the defendant be dismissed on the grounds that the commitment under section 647 failed to specify any particular subsection, thereby being a void and illegal commitment and one upon which a defendant could not be convicted of escape.

On August 21, 1952, an appeal was taken by the People of the State of California from this order of the court dismissing the information against defendant in the above-entitled matter.

Respondent, in arguing for a dismissal of the appeal, contends that the order appealed from was an order dismissing the action during the course of the trial and hence was not an appealable order under section 1238 of the Penal Code.

Section 1238 of the Penal Code enumerates the decisions from which the People may appeal. Subsection 1 thereof provides that an appeal may be taken, ''1. From an order setting aside the indictment, information or complaint.''

The reporter's transcript shows the following:

''THE COURT: Let's not waste any time with this, gentlemen. The information against the defendant is hereby dismissed on the grounds that the commitment under Section 647 failed to specify any particular subsection, thereby being a void and illegal commitment, and upon a void or illegal commitment you cannot be convicted of escape.''

The clerk's transcript shows the following:

''The Court on its own motion hereby orders that the information against the defendant be dismissed on the grounds that the commitment under Section 647 failed to specify any particular subsection, thereby being a void and illegal commitment.''

We think it is clear from the foregoing that the action of the trial court was in effect a dismissal of the action, and was a final termination thereof and that it was within the category of judgments. The jury had been impaneled, evi-

dence had been introduced, and the trial was proceeding until the trial judge, upon his own motion, made the order terminating the proceeding. While the trial judge did state that he was dismissing the information, the grounds stated were that the commitment introduced in evidence did not specify any particular subsection of Penal Code section 647, and that defendant could not be convicted of escape upon a void or illegal commitment, and the dismissal of the information and the discharge of the jury must be construed as a judgment to that effect.

In *People* v. *Knowles,* 27 Cal.App. 498 [155 P. 137], after the jury had been impaneled and the trial was about to proceed, counsel for defendant moved the court to dismiss the action ''upon the ground that the grand jury, finding the indictment did not comply with section 1324 of the Penal Code.'' The motion was granted by the court and the court granted a further motion to dismiss the indictment and discharge the jury. In denying a hearing after decision by the District Court of Appeal, the Supreme Court said at page 506:

''It is apparent to us that the appeal should have been dismissed on the ground that the order appealed from was not an appealable order. The cases in which an appeal may be taken by the people are specifically set forth in section 1238 of the Penal Code, and it is well settled that such an appeal will not lie except in a case so specified. The order here appealed from was both in form and in substance and effect one dismissing the action against this defendant. The only subdivision of section 1238 of the Penal Code, that could by any possibility be suggested as including the order before us is subdivision 1, which provides that an appeal may be taken by the people 'from an order setting aside the indictment or information.' As we have said, the order under consideration here was one granting a motion to dismiss the action. The motion therefor was made on the trial, after issue joined on the merits by plea of not guilty, and was not based on any ground specified in our law as cause for setting aside an indictment, but was designed solely to prevent the further prosecution of the action for the reason stated in the opinion of the district court of appeal. The order here made was based solely on the ground specified in the motion. The appeal here cannot be held to be an appeal from an order setting aside an indictment within the meaning of subdivision 1 of section 1238 of the Penal Code.

The superior court had the *power* to dismiss the action, and the legislature having restricted the right of appeal by the people to certain specified cases of which this is not one, there can be no review of its action. The case is like many others under our law, one in which the superior court is the ultimate tribunal as long as it does not exceed its jurisdiction, and where error *in the exercise of its jurisdiction* may not be reviewed by any other tribunal.''

And in *People* v. *Garcia,* 120 Cal.App.Supp. 767, the court said, at page 769 [7 P.2d 401] :

''This clause refers to sections 1237 and 1238 of the Penal Code, but we need to consider here only section 1238 which provides in what cases the People may appeal. In it we find no provision for an appeal from a judgment such as this; that is, one rendered in favor of the defendant after the trial has been commenced. In fact, it has been held under that section that there is no appeal from an order dismissing the action after the trial has been entered upon. (*People* v. *Knowles,* 27 Cal.App. 498, 506 [155 P. 137].) That case is somewhat similar to this, for there also the trial court had acted upon the ground that the prosecuting authorities had violated the rights of the defendant before the prosecution commenced, the particular violation being that he was compelled to incriminate himself. It was held that a dismissal for such reasons did not come within any of the provisions of section 1238.''

See, also, *People* v. *Brussel,* 122 Cal.App.Supp. 785 [7 P.2d 403] ; *People* v. *Depavo,* 39 Cal.App. 336 [178 P. 731].

We are convinced that while the trial court was undoubtedly in error in concluding that the commitment was void, it did not exceed its jurisdiction, and the order dismissing the action and discharging the jury was a final determination of the matter. As the Supreme Court said in *People* v. *Knowles, supra*: ''The superior court had the *power* to dismiss the action, and the legislature having restricted the right of appeal by the people to certain specified cases of which this is not one, there can be no review of its action.'' And as stated in *People* v. *Garcia, supra*: ''. . . this is one of the cases where the action of the trial court, no matter how erroneous, is final.'' We therefore hold that the order appealed from was in effect a dismissal of the action and a final termination of the action and that there is no appeal from such an order.

The appeal is dismissed.