[Civ. No. 26871.   Second Dist., Div. Three.   June 24, 1963.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ROY ROBERT LAUMAN, Real Party in Interest.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attor-

ney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

L. Raymond Millard, Harold J. Ackerman and Spray, Gould & Bowers for Real Party in Interest.

FORD, J.—In this proceeding the petitioner seeks a writ of certiorari so that a review may be had of the action taken by the superior court with respect to a criminal prosecution. Petitioner also seeks the issuance of a peremptory writ of mandate for the purpose of ordering the superior court to proceed with the trial of the defendant in the case of *People* v. *Roy Robert Lauman*.

On August 21, 1962, the trial of Lauman upon a charge of arson commenced in the superior court. A jury was impanelled and some witnesses thereafter testified. During the course of the day on August 22, 1962, a bailiff discovered that an arson report and an arrest report relating to the defendant had been left in the jury room when the room had been used for a discussion between a member of the fire department and one of the attorneys prior to the arrival of the jurors for the morning session. It appears that the documents were in the jury room during a period of time when the jurors could have had access to them. Statements therein as to the defendant were of a very prejudicial nature. A conference with respect to the matter was held by the trial judge and counsel in chambers. The defendant was not personally present at the conference. Thereafter the court was reconvened and the trial judge declared a mistrial on his own motion and transferred the case to the department of the presiding judge so that it might be reset for trial.[1] No consent to a declaration of a mistrial was expressed at that time by the defendant or his counsel.

On August 29, 1962, the defendant was permitted to file a document which set forth the additional plea that he had been "once in jeopardy for the offense charged" on August 21 and 22, 1962, in the Superior Court of Los Angeles County. (See Pen. Code, § 1017, subd. 4.) During the course of a hearing on August 31, 1962, the trial judge stated that that plea

---

[1]Part of the court's statement to the jury was as follows: "[I]t appears that a report of this occurrence was left in your jury room by some one other than yourselves; and some of the material contained in this report is highly prejudicial, it being the opinion of an investigator. Rather than interrogate each one of you as to whether or not you have read this report, the Court is going to declare a mistrial. . . ."

was "rejected positively" because the facts were not such as to warrant it. The case was set for retrial on October 16, 1962.

On October 2, 1962, the defendant filed a notice of a motion for permission to enter a new and additional plea that he had been once in jeopardy and for an order of dismissal on the ground that the defendant had been once in jeopardy for the offense charged. That matter came on for hearing before another judge of the superior court on October 16, 1962. At that time the People sought to have the record augmented for the purpose of showing that in chambers, prior to the declaration of a mistrial, the defendant's attorney had stated that even if the jurors were asked by the court if any of them had read the reports which had been left in the jury room, he would have to ask for a mistrial because of the possibility that a juror had read the reports and would be afraid to admit that fact to the court. That motion was denied. The court permitted the defendant to enter a plea that he had been once in jeopardy for the offense charged. That plea was made orally. The entry in the minutes relating to the disposition of the defendant's motion is as follows: "Motion of defendant to dismiss is granted and defendant is discharged."

The only reasonable inference to be drawn from the minutes of October 16, 1962, is that the judge then presiding determined as a matter of law that the defendant had been once in jeopardy for the offense charged and was not subject to further prosecution therefor.[2] ██ While the disposition was stated in the form of a dismissal, in legal effect it was an acquittal of the defendant. (See Pen. Code, § 1155, subd. 2.) It was a final termination of the action and was within the category of a judgment. (See *People* v. *Morris,* 115 Cal.App.2d 585, 586 [252 P.2d 681].)

If the defendant had sought a writ of prohibition to prohibit further proceedings in the case after the judge who had declared a mistrial refused to hold that the defendant had been once in jeopardy, then the question of whether there was legal justification for the discharge of the jury so that the cause could be tried again would have been presented for determination. (*Cardenas* v. *Superior Court,* 56 Cal.2d 273 [14 Cal.Rptr. 657, 363 P.2d 889] ; *Hutson* v. *Superior Court,* 203 Cal.App.2d 687 [21 Cal.Rptr. 753].) But such a writ was not sought. The second judge, to whom the matter was pre-

[2] The reporter's transcript contains the court's statement that "under the authorities the defendant has been placed in jeopardy; he is entitled to enter that plea and is entitled to a dismissal."

sented on October 16, 1962, ruled that the defendant had been once in jeopardy with respect to the offense and, in legal effect, acquitted him. ■ Consequently, the problem before this court is whether, since the People have no right of appeal from that determination (see *People* v. *Valenti,* 49 Cal.2d 199, 204-208 [316 P.2d 633] ; *People* v. *Superior Court,* 202 Cal.App.2d 850, 852-854 [21 Cal.Rptr. 178] ), the People may have recourse to an extraordinary writ for the purpose of obtaining a review of the propriety and effect of that disposition of the case.

It appears that the judge who dismissed the action considered that the material facts relating to the question of whether the defendant had been once in jeopardy were without dispute, and that conflicting inferences could not be drawn therefrom, so that the issue created by the plea of once in jeopardy was one of law to be determined by the court. (See *People* v. *Vigghiany,* 181 Cal.App.2d 621, 631 [5 Cal.Rptr. 501] ; *People* v. *Yopp,* 195 Cal.App.2d 726, 729 [16 Cal.Rptr. 115].) ■ That defense did not raise a jurisdictional issue. (See *People* v. *Blalock,* 53 Cal.2d 798, 801 [3 Cal.Rptr. 137, 349 P.2d 953].)

■ The court acted within the jurisdiction vested in it in ruling upon the motion of the defendant, even if it be assumed that it proceeded upon an erroneous concept of the law as to the sufficiency of the facts presented to it to sustain a plea of once in jeopardy. (See *People* v. *Knowles,* 27 Cal.App. 498, 506-507 [155 P. 137] ; *People* v. *Morris, supra,* 115 Cal.App.2d 585, 588.) ■ Under such circumstances the fact that the People have no right of appeal does not compel the conclusion that recourse to a petition for an extraordinary writ is available to them. To permit such recourse would give the People, in effect, the very appeal which the statutory provision (Pen. Code, § 1238) has denied to them. ■ While the People may thereby suffer a wrong without a remedy, the extension of the scope of review beyond the limits which the Legislature has deemed appropriate is not warranted where the trial court has not exceeded its jurisdiction. (See *People* v. *Superior Court,* 137 Cal.App.2d 194, 196 [289 P.2d 813].)

With respect to each writ sought, the petition is denied.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied July 17, 1963, and petitioner's application for a hearing by the Supreme Court was denied August 20, 1963.