97 Cal.Rptr.2d 794 (2000)
82 Cal.App.4th 55
The PEOPLE, Plaintiff and Respondent,
v.
Willie Ross MITCHELL, Defendant and Appellant.
No. B123823.
Court of Appeal, Second District, Division Seven.
July 10, 2000.
As Modified on Denial of Rehearing August 9, 2000.
Review Granted November 1, 2000.
*795 Linn Davis, under appointment by the Court of Appeal, for defendant and appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Susan D. Martynec, Supervising Deputy Attorney General and Russell A. Lehman, Deputy Attorney General, for plaintiff and respondent.
NEAL, J.
In this criminal appeal, a stay is imposed on one of two life sentences imposed for the same criminal conduct. The People's request for correction of the abstract of judgment is refused, as no appeal lies from an erroneous abstract.
An information charged that appellant Willie Ross Mitchell in February 1997 committed the crime of felony drunk driving (Veh.Code, § 23152, subd. (a)), and also on the same occasion committed the separate felony of driving with blood alcohol over .08 percent (Veh.Code, § 23152, subd. (b)). A second information charged him with felony drunk driving in June 1997. Each information alleged that appellant had suffered three prior drunk driving convictions within the past five years, exposing him to punishment of at least 180 days in jail and revocation of his driver's license. The informations further alleged that appellant had been convicted in 1983 of arson of an inhabited structure (Pen.Code, § 451, subd. (a)) and arson of a structure (Pen.Code, § 451, subd. (c)), convictions which were "violent felonies" and hence sentence-enhancing "strikes" under the Three Strikes law.
The informations were consolidated for trial, and the jury convicted appellant of all three crimes charged. Thereafter the court found true the allegations concerning his prior drunk driving and arson convictions.
A probation report prepared prior to sentencing revealed that appellant, age 46 at the time, had a 27-year criminal history. This included (in addition to the three prior drunk driving misdemeanors): convictions in 1983 on two counts of arson, for which appellant was sentenced to state prison; a 1993 felony perjury conviction resulting in a prison sentence; and misdemeanor convictions for disturbing the *796 peace, unemployment insurance fraud, resisting an officer, and corporal injury to spouse. Appellant served four separate jail sentences in addition to his prison terms. The probation report indicated that the two 1983 arson convictions arose from a single incident in which appellant set a garage afire, and the fire then spread to and burned an adjacent home (arson of uninhabited and inhabited structures are separate crimes [Pen.Code, § 451]).
Appellant moved to dismiss one of the two prior arson conviction findings and asked the trial court to sentence him more leniently as a "second strike" offender. Appellant's counsel urged that the court in the earlier arson case had stayed punishment on the second arson count. The trial court recited on the record at the sentencing hearing that it had reviewed the file from the arson case, that appellant had intentionally ignited a garage, that the fire had spread to a neighboring home, and that appellant had been convicted of separate crimes for burning the two buildings.
The trial court imposed a full 25-years-to-life Three Strikes sentence for the February 1997 drunk-driving offense. It imposed a concurrent 25-years-to-life sentence for the separate contemporaneous offense of driving with excess blood alcohol. It dismissed a "strike" as to the June 1997 drunk driving offense only, and for that offense sentenced appellant, as a second strike offender, to six years in prison (three years doubled), to run consecutive to the 25 years.
The court also imposed certain restitution fines and penalty assessments, but these were not reflected in the abstract of judgment. The People did not seek correction of these omissions in the trial court.
Appellant contends that the trial court erred in punishing him for both the drunk driving and driving with excess blood alcohol convictions arising from the February 1997 incident of drunk driving. He is correct. He cannot be punished twice for different convictions arising from the same criminal acts. (Pen.Code, § 654). The sentence for the excess blood alcohol offense should have been stayed.
Appellant also argues that his two 1983 arson convictions warrant only a single "strike" because they arose out of the same conduct: appellant ignited a single fire which burned both a garage and then a dwelling. But the Supreme Court rejected this very argument in People v. Benson (1998) 18 Cal.4th 24, 74 Cal. Rptr.2d 294, 954 P.2d 557 [prior convictions for burglary and assault to commit murder arising from a single knife attack in victim's apartment properly counted as two strikes, though the trial court in the prior case stayed the assault conviction under Penal Code section 654]. The court held that the Legislature had the power to treat as separate "strikes" convictions for which separate punishment would be barred under section 654 (Benson, supra, 18 Cal.4th at p. 29, 74 Cal.Rptr.2d 294, 954 P.2d 557), and that the language of the Three Strikes law manifests the intent to do exactly that. (Id. at p. 28, 74 Cal. Rptr.2d 294, 954 P.2d 557.)
Further, in light of appellant's extensive and prolonged history of criminality, the trial court did not err in refusing to dismiss one of his "strike" convictions in the interest of justice (Pen.Code, § 1385), nor in concluding that his punishment as a third strike offender was neither disproportionate nor unconstitutionally cruel and unusual.
The People request correction of the abstract of judgment, which omitted fines and penalty assessments that the trial court imposed when orally pronouncing
An abstract of judgment is not a judgment of conviction. (6 Witkin and Epstein, California Criminal Law (2d ed.1989), Judgment and Attack in Trial Court, § 3115, p. 3844.) It is not an order of the court. Rather, it is a form prepared and signed by the clerk of the court. Its purpose is to inform the sheriff and the warden of the state prison of the sentence. (Pen.Code, § 1213.) The sheriff, on receipt of the abstract, delivers the defendant and the abstract to the warden. (6 Witkin and Epstein, supra, § 3115, p. 3844.)
The abstract cannot add to or modify the judgment which it purports to *797 digest or summarize. (6 Witkin and Epstein, supra, § 3115, p. 3844.) Thus an error in the abstract does not change the judgment, and does not inject error into an otherwise correct judgment. Instead, an error in the abstract is simply clerical error.
The proper remedy is to ask the trial court clerk to correct the error, followed, if necessary, by a motion in the trial court. The trial court has inherent power to correct clerical error in its records at any time so as to make them reflect the true facts. (6 Witkin and Epstein, supra, Judgment and Attack in Trial Court § 3129, pp. 3861-3862.)
An error in the abstract of judgment is not appealable. The People have no right of appeal except as specified by statute. (People v. Volenti (1957) 49 Cal.2d 199, 204, 316 P.2d 633; 6 Witkin and Epstein, supra, Appeal, § 3176, p. 3933.) Penal Code section 1238 enumerates the orders from which the People may appeal (including those setting aside an indictment, information or complaint, sustaining a demurrer, granting a new trial, arresting judgment, modifying a verdict, dismissing an action, or, after judgment, affecting substantial rights of the People). Penal Code section 1238 does not authorize appeal from an abstract of judgment, nor is appeal generally available to correct trial court clerical errors.
If the trial court denies a well-grounded motion to conform the abstract to the sentence, then there will be an "order made after judgment" which may "substantially affect the rights of the people" and thus be appealable. (Pen.Code, § 1238, subd. (a)(5).)
In most cases a simple request to the trial court clerk, accompanied by a copy of the abstract and the sentencing transcript, will lead the clerk to amend and correct the abstract. The trial court has a strong incentive to assure that the abstract accurately reflects its judgment, and will be highly likely to order correction if the clerk refuses an informal request. Thus, in practice, few if any appeals will be necessary.
Judicial economy will be served by the rule announced here. In the aggregate, the court of appeal will be spared dozens, hundreds, or even thousands of requests to conform abstracts to judgments. Trial court burdens will not be increased at all trial courts must address and resolve the request to correct whether it arrives in the form of a motion by the People, or a remittitur from the court of appeal. Nor does the ruling significantly increase the People's burden. It is as easy for the Attorney General to send a short letter to the clerk requesting amendment of the abstract, with a copy of the sentencing transcript and the abstract, as it is to brief and argue the point in this court.
The request to correct the abstract of judgment is denied, without prejudice to the People's right to apply to the trial court clerk and if necessary the trial court for correction.
The judgment is modified to provide that appellant's sentence for violation of Vehicle Code, section 23152, subdivision (b), is stayed. As modified, the judgment is affirmed.
JOHNSON, Acting P.J., and WOODS, J., concur.