[Crim. No. 3290.   First Dist., Div. One.   Oct. 22, 1957.]

THE PEOPLE, Respondent, v. WOODROW NOR WOODS, Appellant.

Woodrow Nor Woods, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

PETERS, P. J.—Nor Woods petitioned the trial court to annul, vacate, quash and set aside a judgment convicting him of two felonies. The trial court denied the motion, and Nor Woods appeals. This court, upon the request of Nor Woods, on two occasions, appointed attorneys to represent him, but on both occasions the attorneys were relieved of their assignments upon the request of Nor Woods, and he now appears in propria persona.

Appellant was convicted of feloniously sending forged telegrams in violation of section 474 of the Penal Code. In November, 1950, this court in *People* v. *Nor Woods,* 100 Cal. App.2d 281 [223 P.2d 490], unanimously affirmed the conviction. The Supreme Court denied a hearing. Since then appellant has attacked this final judgment by filing some 24 original proceedings, 19 of which were petitions for habeas corpus. All were denied. In these, appellant has urged that his attorney concealed evidence at the trial; that his attorney "sold" him out; that he was charged with one crime and convicted of another; that the district attorney used false and perjured testimony; that the court reporter prepared a fraudulent transcript; that he has been subjected to double and perhaps triple jeopardy; and that the prosecutor and trial judge colluded during his trial. The present proceeding to vacate the judgment raises nothing new but rehashes some of the charges that have been considered and rejected in many of these prior proceedings.

Appellant's motion and briefs are confused and somewhat incoherent. Apparently he seeks to make four points: (1) That he was subjected to triple jeopardy; (2) that he was denied the right to produce numerous witnesses at his trial; (3) that the Adult Authority was biased and guilty of misconduct; and (4) that the prosecutor used perjured testimony to secure his conviction. The motion is full of conclusions, and replete with vague and uncertain charges. It contains few allegations of specific facts. ■ It must be remembered that by this *proceeding* appellant seeks to overturn a final judgment. In such a proceeding, whether it be called a motion to vacate or habeas corpus, we are entitled to and we do require of a

convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned. (*In re Swain,* 34 Cal.2d 300, 304 [209 P.2d 793].) For failure to comply with this rule alone the trial judge was justified in denying the motion.

On the merits, each of the points raised is without merit. The contention that appellant was denied the right to produce evidence at the trial, and the contention that he was convicted on perjured testimony, are not matters of record, and so, of course, cannot be raised on a motion to vacate. They should be raised on a petition for habeas corpus. Appellant did raise them in some 19 petitions for habeas corpus. Each was denied. The charges against the Adult Authority are completely unrelated to the validity of the judgment and so, of course, cannot be raised on a motion to vacate. The matter of "double" or "triple" jeopardy was not raised at the time of trial, or on appeal from the judgment of conviction. Such failure constitutes a waiver of the point. It cannot be raised for the first time either by a motion to vacate or by habeas corpus. (*In re Perry,* 94 Cal.App. 235 [270 P. 996].)

The fundamental fallacy in appellant's position is that a motion to vacate is, in effect, a petition for a writ of error *coram nobis,* and is governed by the same rules. Such a petition never lies to correct an error of law, or to redress an irregularity occurring at the trial that could be corrected on appeal. (*People* v. *Cook,* 97 Cal.App.2d 284 [217 P.2d 498].)

It should also be added that an examination of the record demonstrates that the charge of double jeopardy is without merit. The record shows that appellant was convicted of two separate offenses, of forging two separate telegrams to two separate people. This constituted two offenses.

The order refusing to vacate is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied November 21, 1957.