[Crim. No. 6577. In Bank. Mar. 8, 1960.]

THE PEOPLE, Respondent, v. ARDIS ADOLPH BLALOCK, Appellant.

Jack A. Otero, under appointment by the Supreme Court, for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

McCOMB, J.—Defendant appeals from an order of the superior court denying a motion to annul, vacate and set aside a final judgment of conviction (application for writ of *coram nobis*).

### CHRONOLOGY

(i) Defendant was charged in an information in three counts, in count one with committing a burglary on September 9, 1956; in count two with an attempt to commit a burglary on February 1, 1957; and in count three with committing a burglary on February 1, 1957. He pleaded not guilty, and four trials followed. Before the first trial, defendant made a motion to dismiss counts one and two of the information, which motion was granted.

(ii) March 12, 1957, during the course of defendant's first trial, a motion by defendant for a mistrial was granted. In the discussion following the granting of the motion the court repeated a number of times that the motion for mistrial was granted and that the jury was discharged. After having said this and after having heard counsel, the court said: "I heard all that. You need not argue the facts. I am not interested in them at all at this point. So the defendant will be discharged from custody."

(iii) March 25, 1957, an amended information was filed alleging one count of burglary and five prior felony convictions of burglary in the State of Texas. On this date defendant pleaded not guilty to the amended information and entered the plea that he had been once in jeopardy. At this time the following proceedings occurred in open court:

"THE COURT: All right. The defendant wishes, then, to enter the plea at this time that he was once in jeopardy,—that he has been placed once in jeopardy for the offense charged in Count 1 of the Amended Information, is that it?

"THE DEFENDANT BLALOCK: Yes.

"MR. DANNEMEYER [Counsel for the People]: At this time, your Honor, the People move the Court to dismiss this plea— or not allow it to be entered one way or the other, on the ground that, as a matter of law, the motion is not well taken.

. . . . . . . . . . .

"THE COURT: . . . It is a pure question of law. . . .

"MR. McMAHON. [Counsel for defendant]: I would be willing to enter into such a stipulation, that it is a matter of law.

"THE COURT: Well, that being the situation, then, I will now rule that there is no merit in the defendant's contention that he has been placed once in jeopardy, and that, therefore, that is not a plea which is available to him for the jury trial that will be had upon the Amended Information, under the plea of not guilty."

(iv) April 16, 1957, defendant's trial was started again, and another mistrial was declared April 17, 1957.

(v) May 18, 1957, another trial was commenced, and the jury dismissed because it was unable to reach a verdict.

(vi) June 14, 1957, after another trial, defendant was convicted of burglary in the second degree.

(vii) July 1, 1957, judgment was pronounced on defendant, and he was sentenced to the state prison. No appeal was taken from the judgment.

(viii) In December 1957 defendant filed a motion to annul,

vacate and set aside the judgment upon the ground that he had been acquitted of the charge of burglary and that he had been once in jeopardy. After a hearing, at which defendant was represented by counsel, the trial court denied the motion.

The record on appeal does not include a transcript of the proceedings held on April 16 and 17, May 18, or in June; and there is nothing in the record to indicate that any attempt was made by defendant to renew his plea of once in jeopardy at such times. The record also fails to show that any evidence was presented by defendant in support of his plea of once in jeopardy.

*Questions*: First. *Did the trial court properly deny defendant's application for a writ of coram nobis?*

*Yes.* These rules are here pertinent:

█ (1) A writ of *coram nobis* is not available where the defendant had a remedy by (a) appeal or (b) motion for a new trial and failed to avail himself of such remedies, and it never issues to correct an error of law. (*People* v. *Reid,* 195 Cal. 249, 255 [3], 258 [6] [232 P. 457, 36 A.L.R. 1435]; *People* v. *Martinez,* 88 Cal.App.2d 767, 771 [4], 774 [9] [199 P.2d 375]; *cf. People* v. *Shorts,* 32 Cal.2d 502, 513 [10] [197 P.2d 330].) Furthermore, it is not intended to authorize any court to review and revise its opinions. (*People* v. *Tuthill,* 32 Cal.2d 819, 822 [3] [198 P.2d 505].)

█ (2) A plea of double jeopardy raises a question which is reviewable on appeal or on a motion for a new trial and hence is not a matter to be considered on an application for a writ of *coram nobis*. (*People* v. *Ayala,* 138 Cal.App.2d 243, 247 [12] [291 P.2d 517]; *cf. People* v. *Adamson,* 34 Cal.2d 320, 327 [2] et seq. [210 P.2d 13]; *People* v. *Nor Woods,* 154 Cal.App.2d 589, 591 [4] [316 P.2d 1010].)

█ (3) The defense of once in jeopardy is not jurisdictional. (*People* v. *Newell,* 192 Cal. 659, 666-668 [221 P. 622]; *In re Collins,* 151 Cal. 340, 350 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122]; *People* v. *Mims,* 136 Cal.App.2d 828, 833 [8] [289 P.2d 539] [hearing denied by the Supreme Court]; *cf. In re Lozoya,* 146 Cal.App.2d 702, 704 [2] [304 P.2d 156].)

█ Applying the foregoing rules to the facts of the present case, it is apparent that defendant's claim of once in jeopardy did not raise a jurisdictional issue or render the judgment against him void and subject to collateral attack. Defendant's remedy, if any, was by an appeal or a motion for

a new trial. He did not avail himself of either of these remedies. Thus, the trial court properly denied defendant's application for a writ of coram nobis.

■ Second. *Had defendant been placed in jeopardy on March 12, 1957, when, after granting his motion for a mistrial, the trial court discharged the jury and defendant?*

*No.* Defendant moved for a mistrial, which was granted, but the trial judge never dismissed the information and defendant was never released from custody. During the course of the argument on the motion for a mistrial, the trial court, after granting the motion for a mistrial, said: "I heard all that. You need not argue the facts. I am not interested in them at all at this point. So the defendant will be discharged from custody."

Thereafter the trial court on its own motion vacated the order discharging defendant from custody and directed that he be remanded to the custody of the sheriff. It thus appears that as part of the same proceeding the trial court in fact granted defendant's motion for a mistrial but never granted his motion to dismiss the information, and also vacated the order discharging defendant from custody. As a matter of fact, defendant was never released from custody, but was remanded to the custody of the sheriff and subsequently retried and convicted.

The procedure followed by the trial court falls within the provisions of section 1141 of the Penal Code, which reads: "In all cases where a jury is discharged or prevented from giving a verdict by reason of an accident or other cause, except where the defendant is discharged during the progress of the trial, or after the cause is submitted to them, the cause may be again tried."

This section authorizes the defendant to be tried again unless he has been "discharged" and clearly contemplates that the trial court shall determine in the cases specified whether or not the defendant shall be tried again. The discharge referred to is therefore not a mere discharge from custody. It is a discharge pursuant to a dismissal of the action or one that otherwise indicates that the defendant is discharged from further prosecution. By failing to dismiss the information the trial court in the present case clearly indicated that defendant should be tried again; by merely ordering defendant discharged from custody the court did not order him discharged from further prosecution on the information within the meaning of the statute.

By making his motion for a mistrial, defendant waived his right to a dismissal of the information on the ground that he had been placed in jeopardy in this trial. (Pen. Code, § 1141; *People* v. *Mills*, 148 Cal.App.2d 392, 394 [1] [306 P.2d 1005] [hearing denied by the Supreme Court]; *People* v. *Agnew*, 77 Cal.App.2d 748, 760 [14] [176 P.2d 724] [hearing denied by the Supreme Court]; *People* v. *Kelly*, 132 Cal.App. 118, 121 [1] [22 P.2d 526]; *People* v. *Ham Tong*, 155 Cal. 579, 583 [102 P. 263, 132 Am.St.Rep. 110, 24 L.R.A.N.S. 481].) Therefore, he was properly held for retrial.

The order is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., Peters, J., and Tobriner, J. pro tem.,* concurred.

Appellant's petition for a rehearing was denied March 30, 1960. Tobriner, J. pro tem.,* participated therein in place of White, J., who deemed himself disqualified.

—————
*Assigned by Chairman of Judicial Council.