PEEK, J.
The state appeals from an order of the Humboldt County Superior Court setting aside an information filed against the defendant, George Martinson. The information charged defendant with a violation of section 501 of the Vehicle Code (now § 23101 of that code), in that he willfully drove his automobile “. . . while under the influence of intoxicating liquor, and in an unlawful manner proximately causing bodily injury to Bernice Hurwitz ...”
At the time of defendant’s arraignment in the justice court the evidence introduced clearly established a violation of the section as charged in the information. At the conclusion of the state’s case the defendant moved to dismiss the information, and in support thereof introduced a certified copy of a docket entry of the Justice Court of the Areata Judicial District which showed that the defendant had been cited for violation of section 505, subdivision (b) of the Vehicle Code (now § 23104—reckless driving causing bodily injury) and a certified copy of the traffic citation upon which that proceeding was based which indicated that the accident occurred at the same time and place as that in the present proceeding, and that after pleading guilty to the charge he was fined $100 which he paid. It was defendant’s contention that the conviction and punishment imposed by the justice court was based on the same act which was the foundation of the information for violation of section 501 of the Vehicle Code, and that, granting the same act was the foundation of the prior conviction and the crime charged, the information could not stand because it violated the provisions of section 654 of the Penal Code. Said section provides that an act or omission which is made punishable in different ways by different provisions of the code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other. The motion was denied and defendant was held to answer.
As the outset of the hearing in the superior court the defendant again moved to set aside the information and again introduced into evidence a certified copy of the docket of the justice court and a certified copy of the traffic citation. Defendant’s motion was granted, and the state now appeals.
It is the state’s contention that the trial court erred, because the prohibition against double punishment for the same act and/or prosecution after a conviction or acquittal of one does *166 not constitute a ground to set aside an indictment under section 995 of the Penal Code which provides that an information will be set aside if (1) the defendant is not legally committed by a magistrate, and/or (2) where defendant is held to answer without reasonable and probable cause.
Clearly defendant is in fact seeking to prevent double prosecution by his motion under section 995. To this extent the prohibition enunciated in section 654 is analogous to the rule preventing one from being placed twice in jeopardy. It is generally established that a plea of once in jeopardy furnishes no ground for the setting aside of an information. (42 C.J.S., Indictments and Informations, § 204, p. 1177; People v. Mims, 136 Cal.App.2d 828 [289 P.2d 539].) This is based on the rule that such a plea must be raised as a special defense as provided in Penal Code, section 1017, or it is waived, and since it may be waived it therefore is not jurisdictional. (People v. Blalock, 53 Cal.2d 798 [3 Cal.Rptr. 137, 349 P.2d 953].) Necessarily, therefore, since it may be waived and since it is apparent from the record before us that there was reasonable and probable cause to hold the defendant to answer, it follows that the Humboldt County Superior Court erred when it granted defendant’s motion to dismiss under section 995 of the Penal Code.
The order is reversed without prejudice to the defendant presenting this defense by special plea before the superior court.
Van Dyke, P. J., and Schottky, J., concurred.