[Civ. No. 30305. First Dist., Div. Two. Dec. 20, 1971.]

JOSEPH J. PLEZBERT, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

170

**COUNSEL**

Russell H. Tansey for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, John T. Murphy, Eric Collins and William D. Stein, Deputy Attorneys General, for Respondent and Real Party in Interest.

## Opinion

KANE, J. — Penal Code section 1382, subdivision 2, provides that the court, unless good cause to the contrary is shown, *must* order the action dismissed when a defendant "is not brought to trial in a superior court *within 60 days after . . . the filing of the remittitur in the trial court."* (Italics added.)

On July 28, 1971, 78 days after a remittitur had been filed in respondent court, petitioner moved to dismiss the indictment filed against him.

At the hearing on the motion, the only reason for the delay advanced by the prosecution was that "our office was not notified of the filing of the remittitur . . . so we were in no position to proceed in the matter."

In denying the motion, the trial court observed: "It is the opinion of this Court that in this complicated, clerical world in which we live, trying to administer criminal justice, that clerical errors such as occurred in this case, the failure of the Clerk to properly chart and call to the attention of somebody the fact that a remittitur had come down, until a period some 45 days, I believe, after it was received in this court, is not so unusual as to be an abuse of discretion for this Court to deny the motion."

On September 3, 1971, petitioner sought a writ of mandate in this court to compel the respondent to dismiss the indictment, or, in the alternative, a writ of prohibition to prevent respondent from proceeding with the prosecution.

On September 10, 1971, we denied the petition without opinion.

On October 27, 1971, the Supreme Court granted a petition for hearing, transferred the cause and retransferred the cause to this court, with directions to issue an alternative writ of prohibition, citing *People* v. *Wilson* (1963) 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452].

Accordingly, on November 2, 1971, this court issued an alternative writ of prohibition directing the respondent court, pending further order of this court, to refrain from proceeding with the trial of petitioner, and to show cause why it should not be permanently restrained from doing so.

■ Section 1382 was designed to protect those accused of crime against possible delay caused either by willful oppression, or the *neglect of the state or its officers*. (*People* v. *Wilson, supra,* 60 Cal.2d 139, 148.)

■ Under this section, on a motion made prior to trial, or retrial after remittitur, the moving party is not required to affirmatively show that he

has been prejudiced by the delay; and, in the absence of a sufficient showing of good cause for the delay, a dismissal under the section is mandatory (*People* v. *Wilson, supra*, p. 151).

We are compelled, reluctantly, to grant relief in this case. We are reluctant because it is apparent that the underlying cause for the failure to re-try petitioner within the prescribed period is a lack of provision for notifying counsel of the fact that the remittitur has been filed.

Subdivision (a) of rule 25 of the California Rules of Court provides: "A remittitur shall issue after the final determination of any appeal, or of any original proceeding in review in which an alternative writ or order to show cause has been issued. Unless otherwise ordered, the clerk of the Supreme Court shall issue the remittitur when a judgment of that court becomes final, and the clerk of a Court of Appeal shall issue the remittitur upon the expiration of the period during which a hearing in the Supreme Court may be determined, including any extension of such period granted in the particular cause. The remittitur shall be deemed issued on the clerk's entry thereof in the register, and shall be transmitted immediately, with a certified copy of the opinion, to the lower court or tribunal."

The problem presented in the case at bench would be obviated by simply adding the following sentence to subdivision (a) of rule 25: "At the same time, but in criminal cases only, copies of the remittitur shall be served upon all counsel of record." We suggest that such an amendment be adopted.

Until such provision is made, however, we are confronted by the fact that the district attorney—not the county clerk—has the responsibility to prosecute. Therefore, at the present time under rule 25(a) it is incumbent upon the prosecutor's office to devise whatever procedures are necessary to ascertain when a remittitur has been filed.

When the matter was before us originally there was no record or showing made as to what procedures were employed by the district attorney's office. However, at oral argument the Attorney General tendered a letter written by respondent's chief court clerk which we deem to be a part of the return to the alternative writ. That letter reads as follows:

"Upon receipt of a remittitur we make three copies; one for the case file, one for the District Attorney, one for Department Five, the Presiding Criminal Judge's department, and one for the trial judge. The clerk in Department Five, Mrs. Graves, arranges to have the action recalendared if it is necessary.

"I cannot explain why this procedure was not followed in the above entitled action unless an inexperienced deputy clerk unknowingly failed to do as required."

Although such a procedure described above is certainly a reasonable and logical method to be employed, the risk of unexplained clerical error or neglect must rest with the prosecutor.

Without an explanation the court has no basis for determining whether the neglect was excusable, a determination essential to support a finding of good cause for the delay.

Under the mandate of *Wilson, supra,* the indictment against petitioner must be dismissed.

Let a peremptory writ of mandate issue commanding respondent court to dismiss the action against petitioner.

Taylor, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied January 19, 1972, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 16, 1972.