[Crim. No. 17616. First Dist., Div. Three. Dec. 20, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
LEROY MARTIN, Defendant and Respondent.

574

## COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Ezra Hendon and Dennis P. Riordan, Deputy State Public Defenders, for Defendant and Respondent.

## OPINION

**WHITE, P. J.**—This is an appeal by the People from an order[1] of the Superior Court of Monterey County granting respondent Leroy Martin's motion to dismiss the allegation of prior convictions of felonies in an amended information. We decide that when a conviction is affirmed but remanded to the trial court to give the People an opportunity to prove the alleged "priors," that upon the filing of the remittitur Penal Code section 1382, subdivision 2 applies; that following a dismissal of the "prior" for lack of a speedy trial, Penal Code section 1387 is not available to the People; that they are prohibited by Penal Code section 969a from filing

[1]An appeal may be taken by the People from an order after judgment affecting the substantial rights of the People. (Pen. Code, § 1238, subd. (a)(5).)

an amended complaint solely for the purpose of proving the fact of the prior conviction; accordingly we affirm the order dismissing the prior conviction.

By information filed June 21, 1976, in Monterey County Superior Court, respondent was charged in count one with violating Health and Safety Code section 11351 (possession of heroin for sale); in count two with violating Health and Safety Code section 11350 (possession of heroin); in count three with violating Penal Code section 12020 (possession of a "billy"); in count four with violating Health and Safety Code section 11364 (possession of narcotics paraphernalia); and in count five with violating Penal Code section 135 (destruction of evidence). Two prior narcotics convictions were alleged in conjunction with counts one and two.

After pleading not guilty, respondent waived a jury trial and admitted the 1973 prior conviction and the 1965 prior conviction was dismissed upon the motion of the prosecutor.[2] Respondent's motion for acquittal of count one pursuant to Penal Code section 1118 was granted and he was subsequently convicted of the remaining charges.

On March 22, 1977, respondent's convictions were affirmed but the admission of the prior conviction was reversed pursuant to *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561]. The matter was remanded to the trial court for a limited new trial on the existence of the prior conviction and for resentencing.

The remittitur was filed in the trial court on May 25, 1977. On August 9, 1977, respondent appeared in court with counsel for the first time after the remand and filing of the remittitur and obtained a continuance to August 11, 1977. On August 11, 1977, respondent objected to further proceedings on speedy trial grounds and the matter was eventually continued to August 18, 1977.

On August 18, 1977, respondent moved to dismiss the matter because he was not brought to trial within 60 days after the remittitur was filed as required by Penal Code section 1382, subdivision 2. On the same day the

---

[2]Apparently the People and respondent entered into a limited plea bargain in regard to the priors. The People agreed to dismiss one prior if respondent would admit the other.

district attorney filed an amended information for the sole purpose of trying and proving the prior convictions. The following day the motion to dismiss the prior convictions charged in the original information was granted under Penal Code section 1382.[3] The matter was continued to August 23, 1977, to give respondent time to demur to the amended information.

On August 23, 1977, respondent's demurrer was overruled. He was then arraigned on the amended information and pleaded former judgment of conviction or acquittal and once in jeopardy (Pen. Code, § 1016, subds. 4 and 5) to the substantive offenses in counts one and two. It was deemed unnecessary to plead to counts three, four and five as count three had been stayed and counts four and five had been fully served. The two prior convictions were deemed denied.[4]

On August 31, 1977, there was a hearing on respondent's motion to dismiss the amended information. Respondent's motion was granted under Penal Code section 1382. The People filed a timely notice of appeal.

The People do not contend that the dismissal of August 19, 1977, was erroneous. However, the People do contend that the dismissal of August 31, 1977, was improper because the prosecutor could properly refile the information alleging the prior convictions pursuant to Penal Code section 1387. We disagree with the People's contention.

Penal Code section 1382 provides in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed: . . . [¶] 2. When a defendant is not brought to trial in a superior court within 60 days . . . after the filing of the remittitur in the

---

[3]Apparently the district attorney appreciated the mandate of Penal Code section 1382, subdivision 2. The record reveals that the amended information was filed on August 18, 1977, at 3:50 p.m. Apparently this filing was accomplished without asking leave of the court as required by Penal Code section 1009. On August 19, 1977, the trial judge gave tacit permission to file the amended information (identical to the original information) by first granting the motion to dismiss the prior and then referring to the amended information as *now* filed *after dismissal of the original action* concerning the prior.

[4]Respondent's counsel advised against entering a plea as to the priors alleged for the reasons (1) the court had no jurisdiction after granting the motion to dismiss the priors on August 19, 1977, and (2) notwithstanding the court's granting leave to file the amended information that after respondent's plea of former judgment of conviction and once in jeopardy there was nothing else to litigate. The trial court disagreed and entered a denial as to the alleged priors.

trial court, . . ." The remittitur in the instant case was filed in the trial court on May 25, 1977. Respondent was not returned to court until August 9, 1977, and on August 18, 1977, before the setting of a trial date, he objected and moved for dismissal under Penal Code section 1382. No good cause was shown and the matter was properly dismissed.

Penal Code section 1387, which is in the same chapter as Penal Code section 1382, provides in pertinent part: "An order for the dismissal of an action pursuant to this chapter is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter, or if it is a misdemeanor; . . ." The People argue that since this action has not previously been dismissed and it is a felony action, the prosecutor could refile the prior convictions subject only to the statute of limitations or the defendant demonstrating actual prejudice. (See *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 437 [121 Cal.Rptr. 457, 535 P.2d 321].) The People claim that the 60-day period restarted when the amended information was filed.

Respondent contends that the amended information contained substantive charges, but these charges were a sham because respondent could enter a plea of former jeopardy to each count. We are not inclined to agree with the characterization *sham*; but the record does reveal that when asked by the court, "You are refiling for the sole purpose of relitigating the priors," the deputy district attorney replied, "That's correct." Respondent argues that his demurrer should have been sustained because the information failed to state any public offense but merely penalty enhancements.[5]

 Respondent claims that the refiling of the information was not authorized by Penal Code section 1387. Respondent asserts that the proceeding dismissed on August 31, 1977, was not a felony action as

[5]It is not necessary to consider this contention at any length. Respondent argues that an information is subject to demurrer under Penal Code section 1004, subdivision 4, if the facts stated therein do not constitute a public offense. Respondent reasons that the only operative elements of the amended information are penalty enhancements not public offenses. (See *People* v. *Najera* (1972) 8 Cal.3d 504, 511, fn.6 [105 Cal.Rptr. 345, 503 P.2d 1353].) A plea of once in jeopardy or former judgment does not raise a jurisdictional issue. (*People* v. *Blalock* (1960) 53 Cal.2d 798, 801 [3 Cal.Rptr. 137, 349 P.2d 953]; *People* v. *Superior Court (Lauman)* (1963) 217 Cal.App.2d 517, 520 [31 Cal.Rptr. 710].) Such a plea may be waived. (*People* v. *Vigghiany* (1960) 181 Cal.App.2d 621, 630 [5 Cal.Rptr. 501].) Accordingly, the information in the instant case did state a public offense, even though the amended information was filed for the sole purpose of litigating the prior convictions, and it is necessary to decide whether other considerations preclude the procedure employed by the prosecution.

required by section 1387, since the allegations that respondent had committed felonies were not operative.

Respondent also asserts that section 969a of the Penal Code bars the filing of a new or amended information solely for the purpose of enhancing respondent's sentence.

■ Prior to 1931, Penal Code section 969a[6] permitted the filing of supplemental informations alleging a defendant had suffered prior convictions as long as the sentence on the substantive charge had not expired. (*People* v. *Morton* (1953) 41 Cal.2d 536, 543 [261 P.2d 523].) In 1931, section 969a was amended. Since that time the filing of a new or amended information solely for the purpose of charging priors has been prohibited once a defendant has been found guilty and sentenced on the substantive charges. (*People* v. *Louviere* (1939) 34 Cal.App.2d 62, 64 [93 P.2d 179]; *People* v. *Houston* (1937) 24 Cal.App.2d 170, 170-171 [74 P.2d 517].)

In *People* v. *Ysabel* (1938) 28 Cal.App.2d 259, 262 [82 P.2d 476], disapproved on other grounds in *People* v. *Thomas* (1959) 52 Cal.2d 521, 534 [342 P.2d 889], the court stated that a trial court may not "determine the facts regarding prior convictions except in connection with and as a part of a prosecution for a new offense." In *Ysabel*, the jury had convicted the defendant of the offense charged but was unable to agree as to the truth of an allegation that the defendant had committed a prior offense. The trial court sentenced the defendant and ordered that he be held for a further trial on the prior conviction. Upon retrial, before a different judge, the court entered an order granting defendant's motion to "dismiss all further proceedings." The appellate court agreed that the trial court had lost jurisdiction to adjudicate the issue of the prior after sentencing the defendant.

Respondent states that when a case is remanded after an appeal to the trial court for a limited new trial on a prior conviction, the limited new trial is part of the same criminal proceedings, for the effect of the

---

[6]Penal Code section 969a provides: "Whenever it shall be discovered that a pending indictment or information does not charge all prior felonies of which the defendant has been convicted either in this State or elsewhere, said indictment or information may be forthwith amended to charge such prior conviction or convictions, and if such amendment is made it shall be made upon order of the court, and no action of the grand jury (in the case of an indictment) shall be necessary. Defendant shall promptly be rearraigned on such information or indictment as amended and be required to plead thereto."

remittitur is to revest the trial court with jurisdiction over the same proceeding which it and then the appellate court previously had enjoyed. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 518, p. 4465.) Respondent's position is well founded. When the case is remanded for a limited new trial, it is not necessary to file a new information. It is clear that when the limited new trial is held within 60 days after the filing of the remittitur (Pen. Code, § 1382), section 969a of the Penal Code does not preclude the limited new trial. "The legislative purpose expressed in the section [969a], and in the 1931 amendment, was to fix a time after which no further charges could be made. The section has no bearing on the procedure to be followed on appeal when the evidence is found insufficient to support a finding that there was a prior conviction." (*People* v. *Morton, supra,* 41 Cal.2d 536, 543.)

Respondent reasons that if a case is dismissed after the remittitur has issued, the original criminal proceeding is over and the prosecution may not file a new information solely for the purpose of enhancing the sentence on the substantive charges under Penal Code section 969a, *Louviere, Houston* and *Ysabel.* Again respondent's position is well founded.

While the procedure of remanding a case for a limited new trial on a prior when an appellate court determines there is a *Yurko* violation is the correct procedure (*People* v. *Morton, supra,* 41 Cal.2d 536, 542-545; *People* v. *Fisk* (1975) 50 Cal.App.3d 364, 373 [123 Cal.Rptr. 414]), the People's opportunity to prove the priors is limited to the criminal proceeding in which those priors were first alleged.

 In the first appeal of this case, Scott, J., stated clearly, "The proper remedy is to remand the case to the trial court and supply the People with an opportunity to prove the existence and validity of the prior conviction. (*People* v. *Fisk, supra,* 50 Cal.App.3d 364, 373.)" (*People* v. *Martin* (Mar. 22, 1977) 1 Crim. 15991.) We then directed that the respondent be resentenced after a limited new trial on the issue of the prior conviction.

Absent a showing of good cause the People's opportunity to prove (or otherwise dispose of) the priors was limited to 60 days after this court's order was filed in the trial court. On August 19, 1977, when the trial court granted respondent's Penal Code section 1382, subdivision 2 motion to dismiss (for lack of a speedy trial), the matter was at an end. Respondent had been charged, found guilty by the court, sentenced, his conviction

was affirmed on appeal and he was serving his time. All that remained in order to comply with our order was respondent's resentencing. As the record reveals, resentencing was in a sense self-executing. We note that on August 31, 1978, when the trial judge reconsidered and properly dismissed the amended information, vacated the trial date and struck from the record the prior alleged in respondent's original commitment, respondent was then remanded to serve the balance of his sentence.

As aforestated, the People argue that the information was properly refiled since section 1387 of the Penal Code allows another prosecution for the same offense if it is for a felony and the action has not been previously dismissed. Thus, the People argue, under section 1387 the prosecution is allowed one failure in not bringing a person to trial within the time limits set out in section 1382 of the Penal Code if it is a felony action. However, the People's argument would have this court ignore Penal Code section 969a, its legislative history and limitation inserted in 1931.

In our view, the rationale of *People* v. *Ysabel, supra,* 28 Cal.App.2d 259, dictates this result. We affirm the order dismissing the alleged prior convictions.

Scott, J., and Feinberg, J., concurred.