Opinion
NEWMAN, J.
The People appeal from an order granting defendant’s motion to dismiss from a criminal complaint an allegation that defendant had suffered a prior conviction for driving under the influence. The trial court dismissed the alleged prior after finding that the People had not proceeded in a timely manner to establish its validity. The court relied on Penal Code section 1382, subdivision 3 in making its order. For the reasons discussed below, we affirm the trial court’s order.
Statement of the Case
By misdemeanor complaint filed April 11, 1983, defendant was charged in count I with violating Vehicle Code section 23152, subdivision (a) (driving under the influence of alcohol, a drug or the combined influence of *Supp. 40 both), and in count II with violating Vehicle Code section 23152, subdivision (b) (driving with 0.10 percent or more, by weight, of alcohol in her blood). The complaint alleged one prior conviction for violation of Vehicle Code section 23152. Defendant was arraigned on April 20, 1983, pleaded not guilty to the charges and denied the prior. Later, defendant moved to strike the allegation of the prior conviction from the complaint. On September 1, 1983, the motion was granted and defendant withdrew her plea of not guilty, pleaded guilty to count I and was sentenced. Count II was dismissed on the court’s own motion in the interest of justice. Thereafter, the People filed an appeal from the order striking the prior.
This court initially affirmed the trial court’s order because the record of the prior conviction failed to reflect that the trial court which rendered the judgment of conviction made express findings that defendant knowingly and intelligently waived her rights to a jury trial, to cross-examine the witnesses against her and to refrain from self-incrimination. After the California Supreme Court rendered its decision in People v. Sumstine (1984) 36 Cal.3d 909 [206 Cal.Rptr. 707, 687 P.2d 904] the People petitioned for rehearing on their appeal.[1] After rehearing we issued an opinion in which we held that defendant had met her Sumstine burden in her moving papers; therefore an evidentiary hearing was needed to determine the truth of defendant’s allegations regarding the waiver of her constitutional rights in connection with the prior conviction. We reversed the trial court’s order striking the prior conviction. Defendant and the People were served with a copy of our opinion and judgment on May 20, 1985. The remittitur on the appeal issued on June 17, 1985, and was received and filed in the trial court on June 20.
On October 9, 1985, the People notified defendant to appear for a hearing set for October 17. On October 15 defendant filed a motion to dismiss the prior conviction, citing Penal Code section 1382, subdivision 3 as grounds for dismissal.[2] The motion was granted and the People filed the instant *Supp. 41 appeal from the order dismissing the prior conviction. This second appeal concerns a matter of apparent first impression with respect to misdemeanor cases.
Discussion
I
Under Penal Code section 1382, unless good cause is shown by the people, the court must dismiss a misdemeanor action if, following an appeal from an inferior court, it is not tried again within 30 days after the remittitur is filed in the trial court.
In the instant matter, the remittitur was filed in the trial court on June 20, 1985. Thirty days after that was July 20, 1985. Defendant was not brought back to court, for any reason, on or before July 20. Although in our prior opinion and judgment we did not specifically remand this matter for further proceedings, further proceedings were possible if the People wished to pursue the alleged prior conviction in an attempt to enhance defendant’s sentence on count I.
At her arraignment, defendant denied the alleged prior conviction of driving under the influence and later challenged its constitutional validity. Vehicle Code section 41403[3] and People v. Sumstine, supra, 36 Cal.3d 909, *Supp. 42 provide the procedural framework for such a challenge. In summary, the defendant must, in her motion to strike the alleged prior conviction, affirmatively allege infringement of her constitutional rights. If she does so, the trial court must conduct an evidentiary hearing as prescribed in Vehicle Code section 41403. We said in our opinion on the People’s first appeal that because the trial court had not conducted this evidentiary hearing, reversal of the order striking the prior conviction was warranted. Thus, after that order was reversed, defendant’s motion to strike was still “on the floor.” It was then up to the People to make the next move. If the People wished to pursue the alleged prior conviction in order to enhance the defendant’s sentence, they would have to set the required evidentiary hearing; otherwise, defendant’s original sentence would stand.
Apparently, the People sought to use the revived allegation of a prior conviction when, on October 9, 1985, they sent defendant’s attorney a letter for her appearance in court on October 17. Defendant then moved to dismiss the allegation of the prior conviction on Penal Code section 1382 grounds and her motion to dismiss was granted. Thus, the issue in this appeal is whether the allegation of the prior conviction should have been dismissed on speedy-trial grounds.
People v. Martin (1978) 87 Cal.App.3d 573 [151 Cal.Rptr. 141], is a case involving a similar issue. In the original appeal in Martin, the reviewing court reversed the defendant’s admission of a prior conviction and remanded the cause to the trial court for a limited new trial on the existence of the prior conviction and for resentencing, if needed. The People then failed to bring the defendant to trial within 60 days after the remittitur was filed. Defendant subsequently moved to dismiss the matter pursuant to Penal Code section 1382, subdivision 2, which provides for dismissal of a felony *Supp. 43 criminal action if defendant is not brought to trial within 60 days after the filing of a remittitur. On the same day, the prosecutor filed an amended information for the sole purpose of litigating the prior conviction. After granting defendant’s motion to dismiss the allegation of the prior conviction in the original information, the court dismissed the same allegation in the amended information. The Court of Appeal affirmed. The court held that the 60-day speedy-trial provision of Penal Code section 1382, subdivision 2, became operative upon the filing of the remittitur.[4]
So important is a defendant’s right to a speedy trial under Penal Code section 1382 that courts have held the time limits of the statute apply to situations which arguably do not fall within the precise language of the statute. In Sykes v. Superior Court (1973) 9 Cal.3d 83 [106 Cal.Rptr. 786, 507 P.2d 90], the defendant obtained a writ of habeas corpus directing that his conviction and guilty plea be set aside and that he be rearraigned for plea. Some 228 days then elapsed between the date of order for rearraignment and the date of hearing on defendant’s motion to dismiss. The Supreme Court ordered issuance of a writ of mandate directing dismissal of the charges. In Matthews v. Superior Court (1973) 35 Cal.App.3d 589 [110 Cal.Rptr. 843], criminal proceedings resumed 16 months after the Supreme Court had rejected defendants’ motion for a hearing following denial by an appellate court of their petition for a writ of prohibition challenging the refusal by the trial court to set aside the information against them. The Court of Appeal ordered issuance of a writ of mandate directing the dismissal of the information against defendants.
We hold that following an appeal, where the People would return to the trial court to hold a Sumstine evidentiary hearing on a defendant’s motion to strike the allegation of a prior conviction, so as possibly to increase defendant’s sentence, the misdemeanor speedy trial limitations of Penal Code section 1382 apply. Thus, because the People failed to pursue the prior within 30 days after the remittitur was filed in the trial court, the allegation of a prior conviction was properly dismissed here since the People did not show good cause for their tardiness.
The People’s argument that they were denied due process because they were not notified of this court’s issuance of the remittitur fails for two reasons. First, case law rejects the argument. “. . . the district attorney— not the county clerk—has the responsibility to prosecute. Therefore, [under *Supp. 44 the present rules of court] it is incumbent upon the prosecutor’s office to devise whatever procedures are necessary to ascertain when a remittitur has been filed.” (Plezbert v. Superior Court (1971) 22 Cal.App.3d 169, 172 [99 Cal.Rptr. 340].)[5] Second, 142 days elapsed between May 20, 1985, the day the People were served with the opinion and judgment of this court (which gave them notice to be watchful for the remittitur), and October 9, 1985, when the People finally contacted defendant to bring her back into court. Thus, even if we were not bound by Plezbert, lack of actual notice of the filing of the remittitur in the trial court does not in this case justify an excess of 89 days over the 30-day limit of Penal Code section 1382.
II*
The order dismissing the prior conviction is affirmed.
Cooperman, P. J., and Reese, J., concurred.

In People v. Sumstine, the court held that henceforth when a defendant moves to strike a prior conviction on grounds concerning his constitutional rights to counsel, jury trial, confrontation of witnesses and against self-incrimination, he cannot merely rely on the fact that the record for the prior conviction is silent regarding the preservation of those rights; that is, he cannot (as he could prior to Sumstine) rely on the fact that the record does not affirmatively show that defendant was advised of and expressly and knowingly waived those rights. Rather, the defendant, in his moving papers, “must affirmatively allege that at the time of his prior conviction he did not know of, or did not intelligently waive, such rights.” (People v. Sumstine, supra, 36 Cal.3d at p. 914.)

Section 1382 provides in pertinent part: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
*Supp. 41 “. . . when a defendant in a misdemeanor case in an inferior court is not brought to trial ... in case the cause is to be tried again following ... an appeal from the inferior court, within 30 days after . . . the remittitur is filed in the trial court . . . .”

 Section 41403 provides: “(a) In any proceedings to have a judgment of conviction of a violation of Section 14601, 14601.1, 14601.2, 23152, or 23153, or Section 23103 as specified in Section 23103.5, which was entered in a separate proceeding, declared invalid on constitutional grounds, the defendant shall state in writing and with specificity wherein the defendant was deprived of the defendant’s constitutional rights, which statement shall be filed with the clerk of the court and a copy served on the court that rendered that judgment and on the prosecuting attorney in the present proceedings at least five court days prior to the hearing thereon.
“(b) Except as provided in subdivision (c), the court shall, prior to the trial of any pending criminal action against the defendant wherein the separate conviction is charged as such, hold a hearing, outside of the presence of the jury, in order to determine the constitutional validity of the charged separate conviction issue. At the hearing the procedure, the burden of proof, and the burden of producing evidence shall be as follows:
“(1) The burden of proof remains with the prosecution throughout and is that of beyond a reasonable doubt.
“(2) The prosecution shall initially have the burden of producing evidence of the separate conviction sufficient to justify a finding that the defendant has suffered that separate conviction.
“(3) After the production of evidence required by paragraph (2), the defendant then has the burden of producing evidence that the defendant’s constitutional rights were infringed in the separate proceeding at issue. If the separate conviction sought to be invalidated is based *Supp. 42 upon a plea of guilty or nolo contendere, the defendant shall provide the court with evidence of the prior plea, including the court docket, written waivers of constitutional rights executed by the defendant, and transcripts of the relevant court proceedings at the time of the entry of the defendant’s plea. These records shall be provided to the defendant without cost to him or her, when the defendant is represented by the public defender or counsel appointed pursuant to Section 987.2 of the Penal Code.
“(4) If the defendant bears this burden successfully, the prosecution shall have the right to produce evidence in rebuttal.
“(5) The court shall make a finding on the basis of the evidence thus produced and shall strike from the accusatory pleading any separate conviction found to be constitutionally invalid.
“(c) If the defendant fails to comply with the notice requirement of subdivision (a) or fails to produce the evidence required by paragraph (3) or subdivision (b), the court shall hear the motion at the time of sentencing in lieu of continuing the trial, unless good cause is shown for failure to provide notice pursuant to subdivision (a) or produce the evidence required by paragraph (3) of subdivision (b), in which case the court shall grant a continuance of the trial for a reasonable period. The procedure, burden of proof, and burden of producing evidence as provided in subdivision (b) shall apply regardless of when the motion is heard.”

The Martin court further held that neither Penal Code section 969a, providing for the amendment of an information, nor Penal Code section 1387, providing that an order of dismissal of an action for lack of prosecution bars another prosecution for the same offense if it is a felony and if the action was previously dismissed, authorized the prosecution to file the amended information.

 Although Plezbert v. Superior Court involved Penal Code section 1382 provisions for felony cases, we see no reason why the court’s reasoning is not applicable to misdemeanor cases.

See footnote, ante, page Supp. 38.