Filed 5/30/13  P. v. Creswell CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ORLANDO CRESWELL,<br><br>    Defendant and Appellant. | H038097<br>(Santa Clara County<br>Super. Ct. No. CC816686) |

A jury convicted defendant Orlando Creswell of first degree robbery in concert, first degree robbery, burglary, and battery.  It made no findings, however, on allegations of six prior convictions for purposes of the Three Strikes law, three prior serious-felony convictions for purposes of five-year sentence enhancements, and one prior prison term for purposes of a one-year sentence enhancement.  The trial court sentenced defendant under the Three Strikes law to two consecutive 25-year-to-life terms for the robbery convictions, one stayed 25-year-to-life term for the burglary conviction, and a consecutive 31 year term for the enhancements.  Defendant appealed, and we reversed the judgment with directions to hold a court trial on the allegations.  The trial court found the allegations true and sentenced defendant as before.  On appeal, defendant contends that the trial court erred by (1) denying his motion to dismiss the allegations grounded on his statutory right to a speedy trial (Pen. Code, § 1382 [failure to bring action to trial within 60 days after filing of remittitur]),[1] and (2) failing to account for custody credits

---

[1] Further unspecified statutory references are to the Penal Code.

between his original sentencing and resentencing.  The People concede the custody-credit issue, and we agree that the concession is appropriate.  We otherwise disagree with defendant.  We therefore modify and affirm the judgment.

BACKGROUND

We filed our opinion on August 19, 2011 (*People v. Mata* et al., H035445 [nonpub. opn.]), and a modification on September 16, 2011.  On November 16, defendant appeared for trial and asked for a *Marsden*[2] hearing.  The trial court agreed to continue the matter until November 30 "for Marsden and court trial. [¶] Assuming that the Marsden isn't granted, we'll do the court trial on that day."  At this point, defense counsel offered:  "Although there may be issues from that that would prevent you from going forward with the court trial."  And the trial court agreed:  "It's possible.  I want to put it on for both just for efficiency purposes.  And we'll see whether we can go ahead or not depending on the outcome of the Marsden or anything else."  The trial court's minute order records the continuance to November 30 for "Marsden/Court Trial" and denotes that defendant was "serving sentence."

On November 18, 2011, we issued our remittitur, and the trial court filed it on November 21.  On November 23, the trial judge's clerk signed a "request for action" form for the trial judge's "review and instruction" that essentially informed the trial judge of the reversal and the remand for trial.  On November 30, defendant appeared in court with his counsel.  There is no reporter's transcript of the proceedings.  The trial court's minute order indicates that the hearing on the *Marsden* motion was taken off calendar.  There is no record of the trial's disposition except the notation that "DEFENDANT ORDERED TO RETURN TO CALPATRIA STATE PRISON NO LONGER NEEDED."

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (right to discharge appointed counsel for inadequate representation and substitute another appointed counsel).

2

On February 7, 2012, the trial judge signed the request-for-action form and ordered a hearing set for February 17. At the hearing, defendant moved to dismiss the allegations on the ground that 91 days had passed since our remittitur and there was no good cause for the delay. The trial court disagreed and denied the motion: "Except that's why it got on record, it was defense request at that time. So that nullifies that argument. I made sure he got on record. It was defense request for continuance." Defendant nevertheless offered: "[Defendant] would politely respond he was not under the jurisdiction of this court and therefore could not waive such rule and the court didn't have the authority to waive that rule, therefore he would again request that the charge be dismissed or allegation be dismissed in the interest of justice." To this, the trial court repeated: "Denied and it was also his request on record personally. That negates any timeliness issue. I need to set a date when you're going to be ready on your court trial on the priors. [¶] . . . [¶] . . . The only thing I'm going to litigate is the court trial which we tried to do in November but he delayed it through his request that there was something pending in the Supreme Court." It then set trial for March 16.

At trial, defendant repeated his motion to dismiss, and the trial court detailed the following: "Here's my time table I have here, it's similar to yours. We brought him back November 16th and he requested a Marsden. We then--and he was asking for some time to prepare. [¶] On November 30th we set the next court date for the Marsden and possibly the court trial and it reads in our minute order 'Marsden/Court Trial set on 11-30 on 1:30.' It was represented on record that the defendant indicated that through his attorney that he was still on appeal, there was a new appeal and that we could not go forward and there was an agreement on record that by the attorneys and then the court to not go forward because he believed he still had a valid appeal pending. [¶] I got that agreement on record and then everybody agreed to have him ordered returned to Calipatria State Prison until the matter was settled. [¶] . . . [¶] . . . It was that it was at defense request not to proceed with the Marsden or court trial on 11-30 which was after the remitter [*sic*] was

3

issued. [¶] And therefore the defense delayed it in their own, on their own by asking not to proceed and it be sent back."

Defendant later added the following: "And that was the hearing that was set on November 30th at 1:30 in this department and on that date [defendant] withdrew his request for a Marsden and the matter was taken off calendar. [¶] [Defendant] did not waive any time as to when the matter should be heard pending issuance of the remitter [*sic*]. In fact, I heard from his appellate attorney, he told me that there may be some action on the appeal, don't do anything on the case until we've heard that. [¶] So soon after November 30th I realized or I received word from [defendant's] attorney that the remitter [*sic*] had issued. But in no way does any request that we made on November 30th or in our opinion comprise a waiver of that 60 day statutory period."

## SPEEDY TRIAL

"California has enacted a series of statutes, commencing with Penal Code section 1381, which are a construction and implementation of the California Constitution's speedy trial guarantee (Cal. Const., art. I, § 15). [Citation.] 'No affirmative showing of prejudice is necessary to obtain a dismissal for violation of the state constitutional speedy trial right *as construed and implemented by statute*. [Citation.] Instead, "an unexcused delay beyond the time fixed in section 1382 of the Penal Code without defendant's consent entitles the defendant to a dismissal." ' " (*People v. Villanueva* (2011) 196 Cal.App.4th 411, 422 (*Villanueva*).)

Section 1382, subdivision (a)(2), provides, in pertinent part, that the trial court "unless good cause to the contrary is shown, shall order the action to be dismissed . . . [i]n a felony case, when a defendant is not brought to trial . . . within 60 days . . . after the filing of the remittitur in the trial court." " 'Good cause within the meaning of section 1382 exists, for example, when the delay beyond the statutory period is caused by the conduct of the defendant or occurs for his or her benefit . . . .' " (*Villanueva*, *supra*, 196 Cal.App.4th at p. 424.) Section 1382, subdivision (a)(2), specifically codifies this

4

concept by providing that "an action shall not be dismissed" if (1) the defendant enters a general waiver of the 60-day requirement, or (2) the defendant "requests or consents to the setting of a trial date beyond the 60-day period." (§ 1382, subd. (a)(2)(B).)

Defendant argues that "There is no substantial evidence the delay was caused by [him] as the court mistakenly found." According to defendant, the trial court had no jurisdiction to proceed on November 16, 2011, because the remittitur had not yet been issued, "The minutes [of November 30] reflect no motions for continuance or otherwise on that date," and the trial court "did not intend or try to proceed with the trial" on November 30.[3] He concludes that "there was no legitimate basis for the delay" between the filing of the remittitur and trial. Defendant's analysis is erroneous.

One the most familiar rules of California appellate procedure is that the decision of the trial court is presumed to be correct. The existence of error " ' "is never presumed, but must be affirmatively shown . . . ." . . . '[A]ll presumptions and intendments are in favor of the regularity of the action of the lower court in the absence of a record to the contrary.' " (*People v. Green* (1979) 95 Cal.App.3d 991, 1001, quoting *People v. Clifton* (1969) 270 Cal.App.2d 860, 862; *In re Raymundo B.* (1988) 203 Cal.App.3d 1447, 1452; see *People v. White Eagle* (1996) 48 Cal.App.4th 1511, 1523, quoting *People v. Garcia* (1987) 195 Cal.App.3d 191, 198 ["We must indulge in every presumption to uphold a judgment, and it is defendant's burden on appeal to affirmatively demonstrate error--it will not be presumed."]; *People v. Nitschmann* (1995) 35 Cal.App.4th 677, 684 ["Error is never presumed and appellant has the burden to show error."].) This rule requires us to conclude, in the absence of an affirmative showing to the contrary, that the trial court did the right thing for the right reasons.

---

[3] Defendant places significance upon that "There was no reporter and no prosecutor." However, a reporter presumably would have been summoned had the *Marsden* hearing proceeded and a prosecutor presumably would have been summoned had the trial proceeded after the *Marsden* hearing.

In the present context this means that, we must indulge in the presumption that official duty is regularly performed. (Evid. Code, § 664.) Defendant bears the burden of overcoming this presumption of regularity and must affirmatively show that official duty was not regularly performed. (*Id*. § 606.) If the record is ambiguous, we must resolve the issue against the appellant. (*People v. Sullivan* (2007) 151 Cal.App.4th 524, 549.)

Defendant's challenge is based on the supposition that the trial court unilaterally ordered the trial off calendar or simply forgot about the trial after it ordered the *Marsden* motion off calendar. But this presumes that the trial court failed to perform its official duty to hold a trial on the allegations--a trial that the court unambiguously set for November 30, 2011. Defendant cites no support for his supposition in the record and merely speculates that the trial court overlooked the scheduled trial. Defendant therefore fails to carry his appellate burden.

In any event, the record can be interpreted to show that no error occurred.

At the hearing on February 17, 2012, the trial court recalled that, at the *Marsden* hearing, defendant had requested a trial continuance because there was something pending in the Supreme Court. And, at trial, the trial court recalled that, at the *Marsden* hearing, defense counsel represented that there was no jurisdiction to proceed because the case was still on appeal. Responding to the court's trial recollection, defense counsel conceded that, at the *Marsden* hearing, he supposed from defendant's appellate attorney that the remittitur still had not issued (remittitur supposition).[4] Thus, the trial court's recollection that defense counsel had a remittitur supposition at the *Marsden* hearing is consistent with counsel's concession that he had a remittitur supposition at the *Marsden* hearing. Since the trial court knew of counsel's remittitur supposition on February 17, the inference is compelling that counsel communicated his remittitur supposition to the

_____

[4] In this appeal, defendant concedes that the trial court also "appears to have been unaware [that the remittitur] had already happened."

6

trial court before February 17. And, since the hearing before February 17 was the *Marsden* hearing, the inference is equally compelling that counsel communicated his remittitur supposition at the *Marsden* hearing. Thus, the record supports that, at the *Marsden* hearing, defense counsel communicated his remittitur supposition to the trial court either by merely representing that the case was still on appeal, requesting an off-calendar disposition because the case was still on appeal, or objecting to trial because the case was still on appeal. In any form, counsel's communicated remittitur supposition at the *Marsden* hearing was the equivalent of a request for or consent to the setting of a trial date beyond the 60-day period.

We nevertheless observe the following.

"The 60-day period [of section 1382] applies only . . . when the accused is not otherwise incarcerated. . . . In all instances where the accused is incarcerated, the 90-day provisions of sections 1381 and 1381.5 apply." (*Sykes v. Superior Court* (1973) 9 Cal.3d 83, 89, fn. 6.)

Relying on *Sykes*, the People make a convincing argument that the governing statute in this case is section 1381 rather than section 1382. Section 1381 applies "[w]henever a defendant has been convicted, in any court of this state, of the commission of a felony . . . and has been sentenced to and has entered upon a term of imprisonment in a state prison . . . , and at the time of the entry upon the term of imprisonment . . . there is pending, in any court of this state, any other indictment, information, complaint, or any criminal proceeding wherein the defendant remains to be sentenced." In such a case, the People are required to bring the defendant to trial within 90 days after the defendant "shall have delivered to [the] district attorney written notice of the place of his or her imprisonment . . . and his or her desire to be brought to trial . . . unless a continuance beyond the 90 days is requested or consented to by the [defendant], in open court . . . ." (§ 1381.)

7

In other words, when a defendant is already serving a prison sentence, the defendant's statutory entitlement to a speedy trial depends upon the defendant's written assertion of that right.

"Whether Penal Code section 1381 applies in this instance appears to depend upon the meaning of the word 'other' in the phrase 'any other indictment, information, [or] complaint'; specifically, whether 'other' includes other charges arising out of the same information which led to the sentence on which the defendant was imprisoned. While research has disclosed no authority addressing the issue, *People v. Jacobs* (1972) 27 Cal.App.3d 246, which found no equal protection violation in the different treatment of defendants subject to Penal Code section 1381 and those subject to Penal Code section 1382, is instructive. [¶] '[T]he persons described in the respective statutes are not in like circumstances. Section 1382 applies to persons who are not currently serving time as defined in section 1381. Essentially, section 1382 applies to persons awaiting trial who are either out on bail while awaiting trial or who are bailable, or who are serving misdemeanor sentences of less than 90 days. While both sections contemplate a speedy trial [citation], the danger of suffering imprisonment during delay is not present where a person is already incarcerated as provided in section 1381. [Citation.] We perceive also that a person who is undergoing a prison sentence may prefer not to go to trial while a prisoner because of the possibility that his status as such a prisoner might prejudice his trial. We apprehend, too, that there may be other tactical reasons why a prisoner may not desire to be tried for the new charge while serving time. In any event the law grants such a prisoner his options. He may seek an early trial by making a demand for trial as prescribed by section 1381 or he may elect to defer the making of such demand until he deems it expedient to do so.' " (*Villanueva*, *supra*, 196 Cal.App.4th at p. 423, fn. 12.)

Under this rationale, because our reversal did not affect defendant's convictions on the substantive offenses and theoretically allow for bail, defendant was imprisoned because of his convictions and his speedy trial rights were defined by section 1381, not

8

section 1382. His failure to assert his speedy trial rights by requesting a trial on the enhancement allegations eliminates any burden on the People to bring the allegations to trial. (But see *People v. Martin* (1978) 87 Cal.App.3d 573, 575 ["when a conviction is affirmed but remanded to the trial court to give the People an opportunity to prove the alleged 'priors,' that upon the filing of the remittitur Penal Code section 1382, subdivision 2 applies"--dictum] (*Martin*).)[5]

## CUSTODY CREDITS

The trial court awarded defendant 717 days of custody credit (624 actual; 93 conduct) for his time in presentence custody until his original sentencing. Defendant argues that he should be awarded an additional 679 days of custody credit so as to include the period of time that he was in the custody of the Department of Corrections following his original sentencing. The People concede the point.

In *People v. Buckhalter* (2001) 26 Cal.4th 20, 37, the court explained the following: "[T]he trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time. As we have seen, the court's duty in this respect arose from section 2900.1, which specifies that when a sentence is modified while in progress, the 'time' already served 'shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts.' "

---

[5] The seeming holding in *Martin* was dictum because the principle was not at issue. The defendant in *Martin* had successfully moved under section 1382 to dismiss remanded allegations, and the People had filed an amended information for the purpose of bringing the allegations to trial. The trial court then dismissed the amended information. On appeal from the order dismissing the amended information, "The People [did] not contend that the [section 1382] dismissal . . . was erroneous." (*Martin, supra,* 87 Cal.App.3d at p. 577.)

## DISPOSITION

The judgment is modified to award defendant an additional 679 days of actual custody credit.  As so modified, the judgment is affirmed.

_____
                                                            Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.