Filed 4/3/14  P. v. Brown CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B252135 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A037401) |
| v. | |
| KEITH A. BROWN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gary J. Ferrari, Judge. Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Suzan E. Hier, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Keith A. Brown appeals from the order denying his petition for writ of error *coram nobis*, which asserted he was an "infant" when convicted of second murder in 1987 and he was incompetent due to the trauma of a head injury. Brown explained in his petition that he delayed in bringing the issue to the attention of the court because of the injury to his brain. The trial court denied the petition on the dual grounds that *coram nobis* is an improper remedy and Brown did not establish that he is entitled to relief.

This court appointed counsel for Brown on appeal. Appointed counsel filed a brief raising no issues, but requesting this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Brown was advised by letter from this court of his right to file a supplemental brief within 30 days. Brown filed a supplemental brief and a motion to augment the record with a January 23, 2013 report of an MRI of his head. By separate order, we deny the motion to augment the record.

Brown's supplemental brief reasserts the matters raised below in his petition for writ of error *coram nobis*, but does not attempt to refute the lower court's ruling that *coram nobis* is not available to a defendant with a remedy available at law, such as habeas corpus. Our Supreme Court has made clear that "the writ of error *coram nobis* is unavailable when a litigant has some other remedy at law. 'A writ of [error] *coram nobis* is not available where the defendant had a remedy by (a) appeal or (b) motion for a new trial and failed to avail himself of such remedies.' (*People v. Blalock* (1960) 53 Cal.2d 798, 801; see *People v. Howard* (1965) 62 Cal.2d 237, 238 [claims could have been raised on direct appeal]; *People v. Adamson* [(1949)] 34 Cal.2d [320,] 327 [claims should have been raised in a petition for a writ of habeas corpus].)" (*People v. Hyung Joon Kim* (2009) 45 Cal.4th 1078, 1093-1094.) As an inmate in custody, Brown has an available remedy by way of a petition for writ of habeas corpus, and relief by petition for writ of *coram nobis* is not appropriate. The trial court ruled correctly on this point.

We have completed an independent examination of the entire record on appeal. No arguable appellate issues exist.  The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.

We concur:


TURNER, P. J.


MOSK, J.